Memoeandum. We affirm the determination reached by the' Appellate Division majority and add the following comments: The Trial Judge dealt with the infant witnesses under 12 years of age precisely as prescribed in CPL 60.20 where it is provided that such witnesses may be questioned even though the court considers them unable to understand the nature of the oath. (See Richardson, Evidence [10th ed.], §§ 390, 391.) Here, *827 7 children testified or were questioned concerning defendant’s deviate sexual practices with his daughters. The witnesses ranged in age from 6 years to 12 and one half years. All were administered the oath except the 6 and 7 year olds. The Trial Judge inquired adequately into the understanding and intelligence of each of the witnesses under 12, and the discretion reposing with him whether to swear them or take their statements even if unsworn was not abused. The conviction certainly does not rest alone on the interrogation of the two unsworn witnesses and no error can be found with respect to this evidence. Neither was it error to allow the neighbor children to testify concerning their observation of similar but uncharged deviate acts committed by defendant upon his daughters. Such evidence, involving the ongoing relationship and conduct between and among the parties involved, is relevant and permissible where the acts charged occur within the home and are open to question concerning defendant’s disposition (People v. Henson, 33 N Y 2d 63, 72; Richardson, Evidence [10th ed.], § 182).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler and Rabin concur in memorandum; Judge Stevens taking no part.
Order affirmed.