■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FRANK PACELLA, Appellant.— Judgment unanimously affirmed. Memorandum: The items which defendant sought to have suppressed prior to his plea of guilty were found in his apartment in the course of searching it for marijuana and instruments adapted for its use, as provided in the search warrant. Although it appears that the officers exceeded the terms of the warrant in some aspects of their search, certain of the items seized but not mentioned in the warrant were properly seized incident to a valid custodial arrest (see *People* v. *Weintraub*, 35 N Y 2d 351; *People* v. *McCaskey*, 46 A D 2d 692). The seizure of the remaining items not set forth in the search warrant did not vitiate the valid seizure of items designated in the search warrant, particularly since nothing was found thereby which was used against defendant in the charges against him, and he was not prejudiced by such conduct (see *People* v. *Baker*, 23 N Y 2d 307, 320–321, and the cases cited therein). The suppression motion was, therefore, properly denied. Again we are required to comment upon the failure of the District Attorney to perform his duty to the people of his county and file a brief in opposition to the appeal and in support of the judgment of conviction. "It shall be the duty of every district attorney to conduct all prosecutions for crimes or offenses cognizable by the courts of the county for which he shall have been elected" (County Law, § 700, subd. 1). Unless the appeal is from a judgment which he concedes should be reversed, it is his duty to prepare and file a brief for the People in support of the judgment, or otherwise state his position with reference to it (*People* v. *Wright*, 22 A D 2d 754). "This responsibility and duty of the District Attorney is in no way diminished or excused by reason of the fact that we have affirmed the conviction after a careful consideration of the record and law" (*People* v. *Holcombe*, 34 A D 2d 728; and, see, *People* v. *Pitsley*, 37 A D 2d 905; *People* v. *Cerio*, 34 A D 2d 1095; *People* v. *Houston*, 31 A D 2d 777). The contentions in this case involve serious questions of law, and we deplore the apparent lack of interest in the case on the part of the District Attorney. We are especially constrained to remark upon this failure because in another case at this term of court this District Attorney has similarly defaulted in filing a brief for the People. (Appeal from judgment of Jefferson County Court convicting defendant of criminally selling a controlled substance, fifth degree.) Present — Moule, J. P., Cardamone, Goldman, Del Vecchio and Witmer, JJ.