THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAWRENCE BROWN, Also Known as JAMES BROWN, Appellant.

Third Department, February 8, 1979

224

**APPEARANCES OF COUNSEL**

*George W. King* for appellant.

*Sol Greenberg, District Attorney,* for respondent.

### OPINION OF THE COURT

MAHONEY, P. J.

■ Initially, defendant contends that he was deprived of the effective assistance of counsel when the trial court denied his motion for a continuance, resulting in the trial commencing the same day that his omnibus motion was denied. Defendant theorizes that his attorney was compelled to proceed to trial without an opportunity to assess the impact of the court's ruling. Trial counsel had, however, represented defendant for at least two months prior to trial and during that period he had prepared motion papers and conducted a suppression hearing. There was ample time for counsel to assess the ramifications of the possible rulings the court could make on the various motions, and, accordingly, defendant's contention is without merit. Whether to grant a defendant's motion for a continuance rests in the discretion of the trial court (see *People v Capel,* 31 AD2d 752), and we find no abuse of that discretion here.

■ ■ Next, defendant contends that there was a lack of corroboration as to the age of the complaining witness and whether defendant engaged in sexual intercourse with her. Pursuant to section 130.16 of the Penal Law, corroboration of the testimony of the complaining witness is required to "(a) [e]stablish that an attempt was made to engage the alleged victim in sexual intercourse * * * and (b) [c]onnect the defendant with the commission of the offense or attempted offense." There is no question that there is testimony other than that of the complaining witness tending to connect defendant to the commission of the offense, and in our view the expert testimony of the existence of semen and human spermatozoa on the panties which were worn by the complaining witness at the time of the incident is sufficient corroboration under subdivision (a) of section 130.16 of the Penal Law (see Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 130.16, p 457). Moreover, there was testimony by a police officer as to a spontaneous statement by defendant which the jury could conclude contained an admission by defendant that he had intercourse with complainant. As to the complainant's age, her own testimony that she was 16 at the time of the incident, together with a certificate of birth registration and an explanation as to why the name on the document differed from that which she was using, was sufficient (see Public Health Law, § 4103, subd 3).

■ Defendant, a predicate felon, received an indeterminate sentence with a maximum of four years and a minimum of two years on each of the three counts of which he was convicted, and the sentencing court directed that the sentences run consecutively. Defendant contends that since the three rapes were actually part of a continuing crime, the sentences should have been made to run concurrently. According to complainant's testimony, defendant had intercourse with her at his apartment on three separate occasions over a seven-hour period and the acts were separated by visits to the apartment by several of defendant's friends and by his wife. Pursuant to subdivision 2 of section 70.25 of the Penal Law, concurrent sentences must be imposed where two or more offenses are committed through a single act or omission or through an act or omission which in itself constituted one of the offenses and also was a material element of the other. As explained in *Matter of Di Lorenzo v Murtaugh* (36 NY2d 306, 310), "[t]he issue turns on the old question of when a criminal transaction is separable into distinct events justifying separate prosecution, separate conviction and consecutive sentences". While the courts of this State apparently have not had the opportunity to determine whether multiple rapes of the same victim constitute a continuing offense, sister State courts have consistently ruled that on the facts of the particular cases each act of intercourse constitutes a separate and distinct offense (see *State v Dennis,* 537 SW2d 652 [Mo]; *Lillard v State,* 528 SW2d 207 [Tenn]; *Mikell v State,* 242 Ala 298), and in our view the criminal transaction here, as outlined above, requires a similar conclusion. Clearly, due to the time intervals and visits by defendant's wife and friends, each act of intercourse was separate and distinct, and generally separate acts which violate more than one section of the Penal Law do not require concurrent sentences despite the fact that there was a continuous course of activity (see, e.g., *People v Tanner,* 30 NY2d 102 [robbery and murder]; *People v McMillan,* 61 AD2d 800 [burglary and rape]). The fact that the separate acts violate the same statute does not require a contrary result (cf. *Matter of Di Lorenzo v Murtaugh, supra* [several acts of perjury relating to one meeting]; *People ex rel. Eldard v La Vallee,* 15 AD2d 611, mot for lv to app den 11 NY2d 642, cert den 371 US 837 [two assaults committed in the course of an escape attempt]).

Finally, we reject defendant's gender-based challenge to the

constitutionality of section 130.25 of the Penal Law (see *People v Fauntleroy,* 94 Misc 2d 606; *People v Reilly,* 85 Misc 2d 702), and we find the arguments raised in defendant's supplemental brief totally lacking in merit.

The judgment should be affirmed.

SWEENEY, STALEY, JR., MAIN and HERLIHY, JJ., concur.

Judgment affirmed.