■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANDRA JACKSON, Also Known as SANDY JACKSON, Also Known as SANDRA BROWN MURPHY, Appellant.—Judgment insofar as it imposes sentence on the conviction of assault in the second degree as to the third count of the indictment unanimously modified, on the law, to run concurrently with the burglary and robbery sentence imposed by the court on August 11, 1977 and, as modified, affirmed. Memorandum: Defendant appeals from a judgment of County Court, Orleans County, convicting her of robbery in the second degree (Penal Law, § 160.10), burglary in the second degree (Penal Law, § 140.25), and two counts of assault in the second degree (Penal Law, § 120.05). She was sentenced to two indeterminate terms of imprisonment having a maximum of 15 years and a minimum of 5 years for the robbery and the burglary to be served concurrently. She was also sentenced on the first count of assault (third count of the indictment) to an indeterminate term of imprisonment having a maximum of 7 years and a minimum of 2 years to be served consecutively to the above sentences. In addition she was sentenced on the second count of assault (fourth count of the indictment) to an indeterminate term of imprisonment having a maximum of 7 years and a minimum of 2 years to be served concurrently with the sentence for the first assault charge. The robbery, burglary and first count of assault stem from an incident where the defendant forced entry into the home of the victim, took money and jewelry, and beat the victim with a crystal candlestick. The second count of assault stems from a separate incident subsequent to the defendant's arrest. It appears that the court, intending to give defendant a consecutive sentence on the second assault, inadvertently interchanged the sentences for the two assault convictions. The defendant's assault of the victim, however, was a material element of the robbery and burglary (People v Brown, 66 AD2d 223). The three crimes were committed in a single transaction. The sentence for this first count of assault must run concurrently with the sentence for the robbery and burglary convictions (Penal Law, § 70.25, subd 2). The District Attorney, in lieu of a brief, submitted a six-line letter which contains only one substantive phrase: "the sentences for assault and for robbery should have been concurrent rather than consecutive". The defendant raised other issues in her brief which we have carefully reviewed but deem meritless. We disapprove of the District Attorney's failure to file an appropriate brief in this case. The District Attorney has a duty to prepare and file a brief for the People in support of the judgment or otherwise state his position with reference to it unless he concedes that the judgment should be reversed (see People v Pacella, 47 AD2d 711, and cases cited). (Appeal from judgment of Orleans County Court —robbery, second degree, etc.) Present—Simons, J. P., Schnepp, Callahan, Witmer and Moule, JJ.

■ NATIONAL ADVERTISING COMPANY, Appellant, v STATE OF NEW YORK, Respondent.—Order unanimously affirmed, without costs, for the reasons stated at the Court of Claims, Quigley, J., and in the exercise of discretion. (Appeal from order of Court of Claims—late notice of claim.) Present—Simons, J. P., Schnepp, Callahan, Witmer and Moule, JJ.