## THIRD DEPARTMENT, MAY, 1982

## (May 6, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUGH J. BARLOW, Appellant. — Appeal from a judgment of the County Court of Tompkins County (Dean, J.), rendered October 28, 1980, upon a verdict convicting defendant of the crimes of rape in the first degree, rape in the second degree, sexual abuse in the first degree, reckless endangerment in the second degree, and coercion in the second degree. Defendant was charged with raping and sodomizing his 14- and 13-year-old daughters. The incidents allegedly occurred over a two-year period prior to defendant's arrest. At trial, Anita, the 14 year old, testified that she was kept out of school beginning November 19, 1979, after her father untruthfully reported her missing. In the ensuing period, before she escaped the household on January 22, 1980, she claimed that her father raped and sodomized her repeatedly. She recounted an incident on January 7, 1980, when after she attempted to resist his demands the father forced her to write a suicide note and then threatened her with a shotgun before raping her. Trudy, defendant's 13-year-old daughter, also described numerous instances of forced intercourse and sodomy with her father. Another child, Joseph, aged 12, testified that he had observed intercourse between his father and Trudy. The children testified that they were extremely afraid of their father, who weighed over 300 pounds; other witnesses stated that they had observed defendant visiting threats and violent discipline on his children. The defense endeavored to show that the complainants had concocted this story in an effort to get their father out of the house in retaliation for his excessive and harsh discipline. Two apparently disinterested neighbors testified that Trudy had told them that she had lied to investigators when accusing her father, but was now afraid to retract her earlier statements. Defendant's wife and his oldest son also testified that the girls had admitted that the incidents never occurred. After lengthy deliberations, during which the foreman twice informed the court that the jury was deadlocked, defendant was convicted as charged only on the count of first degree rape of Trudy Barlow. It found defendant either not guilty or guilty of lesser included charges on the remaining counts. Defendant contends that a reversal is warranted because the indictment was both factually insufficient and jurisdictionally defective for duplicity and lack of specificity. We find this argument unpersuasive, for repeated acts of sexual molestation of one's own young children have been treated as one continuous crime (*People v Yonko,* 34 NY2d 825, 826). Furthermore, defendant has not shown that the indictment failed to effectively put him on notice of the crimes charged (see *People v Iannone,* 45 NY2d 589). If indeed it was defective, more specificity could have been secured by demanding a bill of particulars or formally moving in writing for dismissal pursuant to CPL 210.45 (cf. *People v MacAfee,* 76 AD2d 157). That motion was not made until after the trial had been completed. Nor do we find error in the trial court's refusal to admit evidence of the complainants' prior sexual conduct. Consent of the victims was not a defense, and thus evidence of prior sexual conduct was inadmissible under CPL 60.42 (subd 5) (*People v Bronson,* 71 AD2d 756; cf. *People v Ruiz,* 71 AD2d 569). The issue at trial was whether defendant had forced his daughters to become his sexual victims, not whether they had other sexual experiences. Since this evidence was inadmissible, the court also properly refused to permit the defense to introduce Anita's "suicide note", which referred to some of these past acts. Although the record demonstrates that on several occasions the prosecutor exceeded the bounds of

propriety in her apparent zeal to convict, and that much of what she said was better left unsaid, it was not sufficiently prejudicial, if prejudicial at all, to require a reversal. Of defendant's remaining arguments, several bear comment. Defendant has failed to show that refusal to order a severance was an improvident exercise of discretion; the only separable incident, the alleged rape of Anita after threatening her with a shotgun, included a violation of some of the same statutes, and it was inextricably linked with the course of conduct underlying the charges based on all the other incidents. Although during the People's direct case the arresting officer testified that defendant invoked his right to counsel upon his arrest, that testimony was incidental to his narrative and worked no indelible prejudice. The testimony concerning defendant's violent treatment of his wife and children was also properly introduced. Those incidents were probative of the victims' state of mind and relevant to prove that defendant used ·"forcible compulsion", a necessary element of first degree rape. Finally, it was not error for the court to urge the jury to resolve the deadlock; its time of deliberation was not excessive and there is nothing to indicate that the verdict was coerced. Judgment affirmed. Main, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.