THIRD DEPARTMENT, DECEMBER, 1984

(December 6, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHESTER MELVIN CHANDLER, JR., Appellant. — Appeal from a judgment of the County Court of Broome County (Coutant, J.), rendered September 8, 1981, upon a verdict convicting defendant of the crimes of murder in the second degree (four counts), attempted murder in the second degree, rape in the first degree, sodomy in the first degree (two counts), burglary in the first degree and attempted arson in the second degree.

On October 8, 1980, at about 4:00 A.M., defendant, in disregard of an order of protection and armed with a .38 calibre revolver and a knife, broke into and entered the home of his former wife from whom he had been divorced for almost two years. Upon entry, defendant first approached his ex-wife's bedroom where he forcibly and repeatedly stabbed her, attempted to strangle her, gagged her, bound her hands, raped her and sodomized her both anally and orally. When the disturbance awoke the two children, Bonnie (age 5) and Mark (age 10), and caused them to come to their mother's bedroom, defendant took each child back to their separate bedrooms and, despite their cries for mercy, stabbed each of them to death. Subsequently, he returned to the ex-wife's bedroom where, apparently believing her also to be dead, he started a fire at the foot of her bed and left the premises. The ex-wife, severely wounded and still tied and gagged, dragged herself downstairs, out of the cellar door and crawled to the home of a neighbor for help.

After trial, defendant was convicted of the intentional and felony murder (both in the second degree) of his daughter. He was further convicted of the intentional and felony murder (also in the second degree) of his son. As to the crimes committed against his ex-wife, defendant was convicted of burglary in the first degree, attempted murder in the second degree, rape in the first degree, sodomy in the first degree (two counts), and attempted arson in the second degree. For the purpose of sentencing, the trial court divided the crimes as to victims and imposed concurrent sentences of 25 years to life for each of the crimes committed on Bonnie, concurrent sentences of 25 years to life for each of the crimes committed on Mark, and concurrent sentences of 12½ to 25 years for the crimes committed on defendant's ex-wife. The court further ordered, however, that the concurrent sentences imposed for the crimes committed on each victim run consecutively. The sentences, therefore, total 62½ years to life.

Defendant's chief contention on this appeal is that the sentences are illegal in that all of the offenses committed while in the home of his ex-wife on that one occasion constitute but a single transaction, contemporaneous in time and place, requiring all such sentences to run concurrently. This argument is based on defendant's alleged underlying mental condition that he claims unified all the crimes. The error in this argument, however, is apparent from the jury's verdict finding defendant mentally responsible for all of the crimes of which he was convicted. In this case, there is a separate and distinct series of offenses as to each victim. No element of one series is common to another series, as was the situation in *People v Jackson* (73 AD2d 1060) on which defendant relies, wherein assault was a common element of a robbery and burglary and, therefore, could not sustain separate successive sentences. Here, distinct offenses, separated not only by different and distinct elements, but by different victims as well, fully supports the validity of the consecutive sentences imposed (see *People v Braithwaite,* 63 NY2d 839; *People v Brown,* 66 AD2d 223).

We have further considered defendant's claim of excessiveness and find no abuse of discretion on the part of the trial court in regard thereto. Considering the nature and extent of the offenses of which defendant was convicted, the sentences were fully justified. The judgment of conviction should in all respects be affirmed.

Judgment affirmed. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.