OPINION OF THE COURT
Robert F. Doran, J.
Defendant was indicted for 30 counts of sexual abuse in the first degree in violation of Penal Law § 130.65. Each count alleged that defendant subjected his stepdaughter to sexual contact by forcible compulsion. Each count was exactly the same except for the date of the sexual contact. The sexual contact allegedly took place on 30 separate days during August and September of 1983. A jury found defendant guilty on all 30 counts. The court sentenced defendant to an indeterminate sentence in a State correctional facility, with a maximum of seven years and a minimum of two and one-third years on each count. Counts 1, 2 and 30 were ordered to be served consecutively, and the remaining counts were ordered to be served concurrently. The effect of such sentencing is a maximum of 20 years and a minimum of 7 years.
Defendant has moved to set aside the sentence on the ground that the consecutive sentencing on counts 1, 2 and 30 was unauthorized and illegal and invalid as a matter of law. Défendant requested resentencing so that all counts would be served concurrently.
Defendant relies on People v Barlow (88 AD2d 668) and People v Yonko (34 NY2d 825). In People v Barlow (p 668), the court stated in part: “Defendant contends that a reversal is warranted *617 because the indictment was both factually insufficient and jurisdictionally defective for duplicity and lack of specificity. We find this argument unpersuasive, for repeated acts of sexual molestation of one’s own young children have been treated as one continuous crime (People v Yoriko, 34 NY2d 825, 816).” In Barlow, the defendant had been convicted of rape in the first degree, rape in the second degree, sexual abuse in the first degree, reckless endangerment in the second degree and coercion in the second degree. The defendant had been charged with raping and sodomizing his 14- and 13-year-old daughters.
On the basis of Barlow and Yoriko (supra), defendant here argues that it is illegal and improper to sentence a person to consecutive terms, even though that person was convicted of separate counts of sexual abuse, where the victim is the defendant’s stepchild living in the same household. In the instant case, the child was a stepdaughter and not the natural child of defendant. She was 16 years old in 1983. She testified that the sexual abuse by her stepfather had started when she was 10 years old. It should be noted that the Barlow case did not deal specifically with consecutive versus concurrent sentencing. The quotation concerning repeated acts of sexual molestation of one’s own young children being treated as one continuous crime was used in Barlow in the context of the issue of an alleged defective indictment.
It is true, in People v Yonko (41 AD2d 514, 515, supra), the Appellate Division, First Department, did, for sentencing purposes, treat different violations against the defendant’s young children as one continuing crime. That point was not passed upon by the Court of Appeals in its affirmance.
In support of their contention that the consecutive sentencing by this court was proper, the People have cited the following cases: People ex rel. Poster v Jackson (278 App Div 734, affd 303 NY 680); People v Brown (66 AD2d 223); and People v Pries (81 AD2d 1039). This court is convinced that the cases cited by the People are more appropriate than those cited by defendant.
In People v Brown (supra), the Appellate Division, Third Department, held that the defendant, who was convicted of three counts of rape, was properly sentenced to a minimum of two years and a maximum of four years on each count, the sentences to run consecutively. The defendant, a predicate felon, had intercourse with the victim at his apartment on three separate occasions over a seven-hour period, and the acts were separated by visits to the apartment by several of defendant’s - *618 friends and by his wife. The court held that each act of intercourse constituted a separate and distinct offense. The court stated as follows: “Pursuant to subdivision 2 of section 70.25 of the Penal Law, concurrent sentences must be imposed where two or more offenses are committed through a single act or omission or through an act or omission which in itself constituted one of the offenses and also was a material element of the other. As explained in Matter of Di Lorenzo v Murtaugh (36 NY2d 306, 310), ‘[t]he issue turns on the old question of when a criminal transaction is separable into distinct events justifying separate prosecution, separate conviction and consecutive sentences’. While the courts of this State apparently have not had the opportunity to determine whether multiple rapes of the same victim constitute a continuing offense, sister State courts have consistently ruled that on the facts of the particular cases each act of intercourse constitutes a separate and distinct offense (see State v Dennis, 537 SW2d 652 [Mo]; Lillard v State, 528 SW2d 207 [Tenn]; Mikell v State, 242 Ala 298), and in our view the criminal transaction here, as outlined above, requires a similar conclusion. Clearly, due to the time intervals and visits by defendant’s wife and friends, each act of intercourse was separate and distinct, and generally separate acts which violate more than one section of the Penal Law do not require concurrent sentences despite the fact that there was a continuous course of activity (see, e.g., People v Tanner, 30 NY2d 102 [robbery and murder]; People v McMillan, 61 AD2d 800 [burglary and rape]). The fact that the separate acts violate the same statute does not require a contrary result (cf. Matter of Di Lorenzo v Murtaugh, supra [several acts of perjury relating to one meeting]; People ex rel. Eldard v La Vallee, 15 AD2d 611, mot for lv to opp den 11 NY2d 642, cert den 371 US 837 [two assaults committed in the course of an escape attempt])” (People v Brown, 66 AD2d 223, 226, supra).
In People v Pries (supra), the Appellate Division, Fourth Department, followed People v Brown (supra), in a case involving a victim who was less than 17 years old and who had been subjected to multiple rapes.
This court cannot believe that the cases cited by defendant stand for the proposition that a defendant who multiply rapes or sexually abuses an infant stepdaughter who lives in the same household with defendant cannot be subjected to consecutive sentences while a defendant who so subjects infants or adults outside of his household can be subjected to consecutive sentences. Both situations involve heinous crimes, but it seems to this court that a situation involving an infant living in one’s *619 own home may be a crime of an even more heinous nature. To allow such a defendant to be automatically excluded from consecutive sentences surely cannot be the intent of the cases cited by defendant.