■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY LEE ROUSE, Appellant.—Main, J. P. Appeal from a judgment of the County Court of Cortland County (Mullen, J.), rendered December 20, 1983, convicting defendant upon his plea of guilty of the crimes of attempted assault in the first degree, assault in the second degree and reckless endangerment in the first degree.

Defendant was charged with a total of eight crimes in three separate indictments. In satisfaction of all crimes charged, defendant entered an Alford plea (see, North Carolina v Alford, 400 US 25) to the crimes of attempted assault in the first degree, assault in the second degree and reckless endangerment in the first degree. County Court thereafter sentenced defendant to 1⅓ to 7 years' imprisonment for the crime of attempted assault in the first degree, 1⅓ to 7 years' imprisonment for assault in the second degree, and 1 to 3 years' imprisonment for the crime of reckless endangerment in the first degree. The first two aforementioned sentences were to run concurrently, with the third to run consecutively to the first two.

On appeal, defendant asserts, inter alia, that all three sentences should run concurrently and that County Court erred in having the sentence on the reckless endangerment count run consecutively to the first two sentences. We disagree. The record before us is clear that the charge of reckless endangerment stemmed from a transaction separate and distinct from those giving rise to the other two charges. Indeed, that fact was admitted by defense counsel before County

Court. Additionally, the victim of this third crime was different from those victims of the other two crimes *(see, People v Chandler,* 106 AD2d 677, 678). Such being the case, the imposition of a sentence to run consecutively on the reckless endangerment charge was in no way prohibited by Penal Law § 70.25.

Moreover, we should not disturb the manner in which the sentences are to run simply because defendant's guilty plea was an *Alford* plea. As aforementioned, there was ample basis here for the use of consecutive sentencing. The record of the plea proceeding indicates that defendant was fully aware of, and in fact intelligently and voluntarily bargained for, the sentences ultimately imposed, including the manner in which they were to run *(see, People v Marlowe,* 108 AD2d 955, 956). We have examined defendant's remaining argument, that the sentence imposed on the reckless endangerment count should be reduced, and find it to be without merit *(see,* Penal Law § 70.00 [4]).

Judgment affirmed. Main, J. P., Casey, Weiss, Levine and Harvey, JJ., concur.