■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES SMILEY, Appellant.—Judgment, Supreme Court, New York County (Shainswit, J.), rendered December 1, 1983, which convicted defendant, following a jury trial, of attempted murder in the second degree, two counts of robbery in the first degree, robbery in the second degree, two counts of assault in the first degree, and two counts of burglary in the first degree, and sentenced him to concurrent terms of imprisonment of from 12½ to 25 years on the attempted murder count and of from 7½ to 15 years on the assault counts, which sentences were to run consecutively to concurrent terms of 7½ to 15 years on the robbery and burglary counts, modified, on the law, to provide that the sentences on the assault counts run concurrently with the sentences on the burglary and robbery counts and, as so modified, otherwise affirmed.

At approximately noon on July 12, 1982, defendant James Smiley savagely attacked Juan Diaz in his apartment. After defendant took certain items of jewelry from Diaz, defendant's accomplice bound Diaz, and defendant slashed Diaz' neck twice with a knife. The perpetrators then foraged around the apartment for loot. The defendant returned to check Diaz' pulse, and stabbed him several times in the back of the neck. After a final search of the apartment, the accomplice, an acquaintance of Diaz, told defendant to "make sure". The defendant returned and stabbed Diaz twice in the chest. The perpetrators then placed two mattresses over Diaz, set them afire, and left. Their victim miraculously survived, due to a blood clot in his jugular vein. The defendant was subsequently arrested and, following a jury trial, was found guilty of attempted murder in the second degree, two counts of robbery in the first degree, robbery in the second degree, two counts of assault in the first degree, and two counts of burglary in the first degree. The sentencing court found that the attempted murder occurred after the robbery and burglary were completed, citing *People v Tanner* (30 NY2d 102 [1972]). Accordingly, the court sentenced defendant as a predicate violent felony offender to concurrent maximum terms of imprisonment for the attempted murder and assault convictions, to run consecutively to concurrent terms of from 7½ years to 15 years on the robbery and burglary convictions.

The primary issue presented on this appeal is whether consecutive sentences were authorized under Penal Law

§ 70.25 (2) under the facts and circumstances of the present case. "Concurrent sentences are required when a single inseparable act violates more than one statute, or if an act violates one statute and is a material element in the violation of the other (Penal Law, § 70.25, subd 2; *People ex rel. Maurer v Jackson,* 2 NY2d 259, 264). Consecutive sentences are proper for separate and distinct acts which violate more than one section of the Penal Law, even if such acts are part of a 'continuous course of activity' *(People v Brown,* 66 AD2d 223, 226)." *(People v Hatch,* 105 AD2d 549, 550-551 [3d Dept 1984].)

The District Attorney concedes, as he must, that the assault upon the complainant was a material element in the first degree assault, robbery and burglary convictions which arose from the causing of serious physical injury. The defendant contends that all the sentences are required by Penal Law § 70.25 (2) to run concurrently. We agree to the extent that the sentences on the assault convictions should also be made to run concurrently with the sentences on the robbery and burglary convictions related to the use of the knife. The defendant's act of repeatedly stabbing the complainant "in itself constituted" the offense of assault. This act was also a material element in the first degree burglary and robbery charges which related to the use of the knife, i.e., "[u]ses or threatens the immediate use of a dangerous instrument" . (Penal Law § 140.30 [3]; § 160.15 [3]; *People v Grant,* 96 AD2d 867, 868 [2d Dept 1983]; *People v Jackson,* 73 AD2d 1060 [4th Dept 1980]). In addition, the offenses of robbery in the first and second degrees were material elements of the felony assault charge, i.e., in the course of the commission of a felony, to wit, robbery, defendant caused serious physical injury to the complainant. (Penal Law § 120.10 [4]; *see, People v Jones,* 69 AD2d 824 [2d Dept 1979].)

Moreover, in our view the assault and the robbery and burglary constituted a single inseparable act. The indictment charged, and the jury found, that defendant used a knife in the course of the commission of the robbery and burglary. *(People v Grant, supra; People v Jackson, supra.)* The assault was in progress at the time of the acts which constituted elements of the robbery and burglary, and was an integral part of them, since the basic acts are similar. *(People v Hatch, supra,* at p 551.)

On the other hand, we believe the sentence on the attempted murder conviction was properly made to run consecutively to the sentences on the other offenses. The record supports the sentencing court's finding that the robbery and

burglary and the attempted murder emanated from separate successive acts. The present case is very similar to *People v Tanner (supra)*, because the attempted homicide here, like the murder of the victim there, appeared as an "unnecessary afterthought". The defendant's final attack upon the victim, in an attempt to guarantee his demise, occurred after the robbery had been completed. We have considered defendant's other contentions, and find that they are lacking in merit. Concur—Kupferman, J. P., Sullivan, Lynch, Rosenberger and Ellerin, JJ.