■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCIS J. SWEETER, Appellant.—Yesawich, Jr., J. Appeal from a judgment of the County Court of Saratoga (Doran, J.), rendered November 5, 1984, upon a verdict convicting defendant of 30 counts of the crime of sexual abuse in the first degree.

A jury convicted defendant of 30 separate counts of sexual

abuse in the first degree. The victim, his 16-year-old step-daughter, was found to have been molested by defendant on a more or less daily basis during August and September 1983. The penalty imposed was an indeterminate sentence of 2⅓ to 7 years' imprisonment on counts Nos. 1, 2 and 30, to run consecutively, and a concurrent indeterminate sentence of 2⅓ to 7 years on counts Nos. 3 through 29 inclusive. The effect of the sentence is confinement for a minimum of 7 years and a maximum of 21 years.

Defendant maintains that evidence sufficient to establish forcible compulsion, an essential ingredient of the crimes charged (Penal Law § 130.65 [1]), is lacking and further that his motion to set aside the sentence as to counts Nos. 2 through 30 of the indictment should have been granted. We affirm.

Crediting the People's proof at trial, the jury could have properly concluded that defendant engaged in a course of continuous conduct designed to touch the victim's breast and vaginal area and that this sexual contact was accompanied by threats of force and occasionally force itself. The victim, who resided then in defendant's household where as a parent his method of discipline was to strike the children, testified that defendant threatened to kill her, to her efforts to physically ward off his advances and to the fact that if she refused to allow him to touch her he would on occasion become violent and hit her. Viewing defendant's conduct toward his victim in its entirety, forcible compulsion in the form of at least the implied threat of physical injury, if not its consummation, was present (see, Penal Law § 130.00 [8]; *People v Barlow,* 88 AD2d 668).

To the extent that defendant interprets the evidence as warranting a charge, which was not given, of sexual abuse in the third degree as a lesser included offense, it is enough to note merely that no such request was made of County Court.

Since permission to appeal, as required by CPL 450.15, was not obtained, appellate review of County Court's denial of defendant's motion for resentencing, made pursuant to CPL 440.20, is foreclosed (see, Bellacosa, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 450.15, p 545). Were we to consider the merits, we would not interfere with the sentence.

Defendant's other argument of note is that consecutive sentences were improper. It is urged that the molestation which occurred should have been treated as one continuous

crime because the victim lived in the same household with her stepfather for 10 years prior to the events leading to his indictment. Until recently, that theory had currency *(see, People v Yonko,* 34 NY2d 825; *People v Barlow, supra).* However, in *People v Keindl* (68 NY2d 410), it was specifically declared inapplicable to the crime of sexual abuse, for this crime as defined in the Penal Law contemplates punishment for "the performance of a single act" (pp 420-421).

Judgment affirmed. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur. *[See,* 126 Misc 2d 616.]