■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE MARTINEZ, Appellant.—Judgment, Supreme Court, New York County (Beatrice Shainswit, J.), rendered December 20, 1983, which convicted defendant, following a jury trial, of attempted murder in the second degree, two counts of robbery in the first degree, robbery in the second degree, two counts of assault in the first degree and two counts of burglary in the first degree, and sentenced him, as a predicate violent felony offender, to concurrent terms of 12½ to 25 years on the attempted murder and 7½ to 15 years on the assault counts, and to concurrent terms of 7½ years to 15 years on the robbery and burglary counts, the robbery and burglary sentences to run consecutively to the attempted murder and assault sentences, unanimously modified, on the law, to provide that the sentences on the assault counts run concurrently with the sentences on the burglary and robbery counts and otherwise affirmed.

On the afternoon of July 12, 1982 defendant and codefendant James Smiley robbed Juan Diaz at gunpoint in Diaz' apartment. After taking several items of jewelry from Diaz, the perpetrators became enraged at not finding any money on the premises. Defendant tied Diaz up and Smiley slashed Diaz twice on the neck with a knife. The perpetrators then ransacked the apartment. Smiley checked Diaz' pulse and stabbed him repeatedly in the body and neck. Later, following another search of the apartment, Smiley, at defendant's urging "to make sure", stabbed Diaz several more times in the chest. The perpetrators then covered Diaz with mattresses and set them on fire. Diaz miraculously survived to testify at trial.

The primary issue presented on appeal is whether the trial court was authorized pursuant to Penal Law § 70.25 (2) to impose consecutive sentences. Defendant argues that the sen-

tences on the assault and attempted murder convictions should run concurrently with the robbery and burglary convictions since the stabbing of Diaz with the knife (the assault) was a material element of the burglary and robbery convictions and itself constituted the offense of attempted murder. This court dealt with a similar argument offered by codefendant Smiley, who was convicted for the same offenses and sentenced identically. (See, People v Smiley, 121 AD2d 274 [1st Dept 1986].) In upholding the imposition of consecutive sentencing, we held that the robbery and burglary and attempted murder emanated from separate successive acts. The final return to the victim to ensure his demise occurred after the robbery had been completed. We did, however, modify the sentences to the extent of making the sentences on the assault convictions run concurrently with the burglary and robbery convictions related to the use of the knife. We held that the act of stabbing Diaz, itself assault, was also a material element of the burglary and robbery charges related to the use of the knife. In addition, the offenses of robbery in the first and second degrees were material elements of the felony assault charge. In accordance with our holding in Smiley, the sentences on the assault convictions should be modified to run concurrently with the robbery and burglary convictions while defendant's sentences on the assault, robbery and burglary convictions should properly be made to run consecutively to the sentence on the attempted murder conviction.

The other contentions raised by defendant have been examined and are without merit. Concur—Sullivan, J. P., Ross, Kassal, Rosenberger and Smith, JJ.