■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK WEBB, Appellant.—Casey, J. Appeal from a judgment of the County Court of Chemung County (Castellino, J.), rendered November 16, 1990, upon a verdict convicting defendant of the crimes of rape in the first degree (two counts), sexual abuse in the first degree (two counts), attempted murder in the second degree and assault in the first degree.

After a jury trial, defendant was sentenced to concurrent prison terms of 12½ to 25 years for each of the rape convictions, to terms of 3½ to 7 years for each of the sexual abuse convictions that were ordered to run concurrently with the prior sentences and with each other, to a term of 12½ to 25 years for attempted murder that was ordered to run consecutively with the sentences imposed on the first four counts, and to a term of 7½ to 15 years for assault in the first degree that was ordered to run concurrently with the sentence imposed on the conviction for attempted murder.

Defendant raises two issues on this appeal. The first claim is that County Court erred in admitting two photographs of the victim's face that graphically depicted the tears and cuts and other injuries that defendant inflicted upon the victim by beating and kicking her in and around the face and head after his sexual assault upon her. The two photographs at issue are claimed to have been inflammatory and prejudicial to defendant's right to a fair trial.

We disagree. The photographs displayed the severity of the victim's injuries and were relevant on the issue of defendant's intent relative to the charges of attempted murder and assault in the first degree. We do not find that the sole purpose of admitting the photographs was "to arouse the emotions of the jury and to prejudice the defendant" (People v Pobliner, 32 NY2d 356, 370, cert denied 416 US 905; see, People v Stevens, 76 NY2d 833).

Defendant's second contention is that consecutive sentences were not permissible in the circumstances. This claim is untenable. The attempted murder and assault in the first degree constituted separate and successive acts by defendant after completing his sexual attack on the victim. Defendant admits in his statement that he assaulted and attempted to kill her to prevent her disclosure of the sex crimes. Because these acts were not part of the crimes of rape and sexual abuse, consecutive sentences were permitted and, in these circumstances, properly imposed *(see, People v Smiley,* 121 AD2d 274, *lv denied* 68 NY2d 817). Defendant's judgment of conviction should in all respects be affirmed.

Weiss, P. J., Mikoll, Levine and Mercure, JJ., concur. Ordered that the judgment is affirmed.