■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN H. HERMAN, Appellant.—Judgment unanimously reversed on the law and new trial granted. Memorandum: On this appeal from a judgment convicting him of sodomy in the second degree (Penal Law § 130.45), defendant contends that the trial court committed reversible error when it admitted into evidence a book entitled "The Joy of Gay Sex" and a videotape about homosexual activities. Those items were

seized by police when they conducted a search of defendant's bedroom subsequent to his arrest on the sodomy charge. Defendant asserts that the book and videotape were not relevant to any issue in the case and that they could only have been introduced either to convince the jury that defendant had a propensity to commit sexual acts, such as the act charged, or to prejudice the jury against defendant based upon his alleged sexual preferences. We agree. Those items were not relevant because they had no "tendency in reason to prove the existence of any material fact", that is, they did not make "determination of the action more probable or less probable than it would be without the evidence" *(People v Scarola,* 71 NY2d 769, 777; *see also, People v Lewis,* 69 NY2d 321, 325; Richardson, Evidence § 4 [Prince 10th ed]).

Furthermore, even if the book and videotape were relevant to some material issue in the case, the trial court erred in admitting those items into evidence because the "probative value [was] substantially outweighed by the danger that [the admission] * * * unfairly prejudice[d] [defendant] or [misled] the jury" *(People v Scarola, supra,* at 777). Moreover, the admission of the book and videotape is not subject to a "harmless error" analysis because proof of defendant's guilt, without reference to the error, is not overwhelming *(see, People v Crimmins,* 36 NY2d 230, 241). Therefore, the judgment of conviction must be reversed and a new trial granted.

Because we are granting a new trial, we take this opportunity to remind the prosecutor that it was improper and highly prejudicial to defendant to compel him, on cross-examination, "to characterize the police witnesses as lying, speaking untruths, wrong or mistaken" *(People v Balkum,* 94 AD2d 933). We have reviewed defendant's remaining contentions and find each one to be lacking in merit.

Finally, we are obliged to comment upon the failure of the District Attorney to perform his duty to the people of his county and file a brief in opposition to the appeal and in support of the judgment of conviction unless the appeal is from a judgment which he concedes should be reversed *(see, People v Pacella,* 47 AD2d 711). (Appeal from Judgment of Seneca County Court, Falvey, J.—Sodomy, 2nd Degree.) Present—Green, J. P., Pine, Balio, Boehm and Davis, JJ.