FOURTH DEPARTMENT, DECEMBER, 1994

(December 23, 1994)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAU VAN NGUYEN, Appellant. [621 NYS2d 973] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant failed to preserve for review his contentions that his conviction of three counts of kidnapping in the second degree should be reversed pursuant to the merger doctrine, that the trial court erred in submitting a verdict sheet to the jury and that prosecutorial misconduct deprived him of a fair trial (see, CPL 470.05 [2]). We decline to review those contentions as a matter of discretion in the interest of justice (see, CPL 470.15 [6] [a]).

We conclude, however, that the court erred in imposing a term of imprisonment for the third count, robbery in the first degree (Penal Law § 160.15 [4]), to run consecutively to the term of imprisonment for the first count, burglary in the first degree (Penal Law § 140.30 [4]). All other sentences were concurrent. Under the circumstances of this case, we conclude that those offenses were committed through a single act (see, People v McCloud, 182 AD2d 835, 838, lv denied 80 NY2d 906; see also, People v Smiley, 121 AD2d 274, 275, lv denied 68 NY2d 817; People v Jackson, 73 AD2d 1060). Thus, we modify

the sentence to direct that the term of imprisonment imposed for the third count of the indictment run concurrently to the term of imprisonment imposed for the first count (see, Penal Law § 70.25 [2]).

There is no merit to defendant's contention that the sentence otherwise is harsh or excessive. (Appeal from Judgment of Oneida County Court, Buckley, J.—Robbery, 1st Degree.) Present—Green, J. P., Pine, Balio, Callahan and Boehm, JJ.