■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENNIE COGER, JR., Appellant. [769 NYS2d 673]—

Appeal from a judgment of Orleans County Court (Noonan, J.), entered April 27, 2000, upon a jury verdict convicting defendant of, inter alia, rape in the second degree (five counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment entered upon a jury verdict convicting him of five counts each of rape in the second degree (Penal Law § 130.30 [1]), sexual abuse in the second degree (§ 130.60 [2]) and incest (§ 255.25). He was acquitted of four counts each of rape in the first degree (§ 130.35 [1]) and sexual abuse in the first degree (§ 130.65 [1]). Defendant's sentence, reduced by operation of law to an aggregate indeterminate term of incarceration of 10 to 20 years (*see* § 70.30 [1] [e] [ii] [B]), is neither unduly harsh nor severe. In addition, we conclude that the verdict is not against the weight of the evidence (*see People v Bleakley,* 69 NY2d 490, 495 [1987]) and that defendant received effective assistance of counsel (*see People v Baldi,* 54 NY2d 137, 147 [1981]). Also contrary to defendant's contention, County Court gave a proper curative instruction when it struck the victim's testimony concerning defendant's reaction to a confrontation between the victim and defendant (*see generally People v Daymon,* 239 AD2d 907, 908 [1997], *lv denied* 94 NY2d 821 [1999]). The court properly allowed the People to present evidence of defendant's prior bad acts concerning forcible compulsion in their case-in-chief because that evidence was relevant to establish an element of two of the crimes charged (*see People v Chase,* 277 AD2d 1045 [2000], *lv denied* 96 NY2d 733 [2001]).

Finally, we note that the District Attorney failed to file a brief in opposition to this appeal and thus failed "to perform his duty to the people of his county" (*People v Herman,* 187 AD2d 1027, 1028 [1992], citing *People v Pacella,* 47 AD2d 711 [1975]). The District Attorney is obligated to file a brief in opposition "unless the appeal is from a judgment which he concedes should be reversed" (*id.*). " 'This responsibility and duty of the District Attorney is in no way diminished or excused by reason of the fact that we have affirmed the conviction after a careful consideration of the record and law' " (*Pacella,* 47 AD2d at 711, quoting *People v Holcombe,* 34 AD2d 728, 728 [1970]). Present—Pigott, Jr., P.J., Pine, Hurlbutt, Kehoe and Hayes, JJ.