■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS V. VULLO, Appellant. [63 NYS3d 152]—

Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered January 21, 2015. The judgment convicted defendant, upon a jury verdict, of robbery in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of robbery in the third degree (Penal Law § 160.05). Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Two department store security guards testified that they watched defendant remove an item from its packaging, secrete it in his pants pocket, and then leave the store without paying for the item. The store surveillance video corroborates the guards' account. When the security guards pursued him outside the store, defendant shoved one of the guards, attempted to punch both guards, and ultimately escaped in a car. Thus, on this record, the jury reasonably inferred that defendant forcibly stole property (*see* § 160.05), based upon evidence that he used physical force in order to "prevent[ ] or overcom[e] resistance to the taking of the property or to the retention thereof" (§ 160.00 [1]; *see People v Gordon*, 119 AD3d 1284, 1285-1286 [2014], *lv denied* 24 NY3d 1002 [2014]). Moreover, viewing the facts in the light most favorable to the People, we conclude that "there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crime proved beyond

a reasonable doubt" (*Danielson*, 9 NY3d at 349 [internal quotation marks omitted]). Contrary to defendant's contention, the failure to recover the stolen item does not preclude a robbery conviction (*see People v Gordon*, 23 NY3d 643, 650-651 [2014]). We have examined and rejected defendant's remaining contentions.

Finally, we note that the Ontario County District Attorney was obligated to file a brief in opposition to this appeal unless he conceded that the judgment on appeal should be reversed (*see People v Coger*, 2 AD3d 1279, 1280 [2003], *lv denied* 2 NY3d 738 [2004]; *see generally* County Law § 700 [1]). No such concession was made by the District Attorney. Here, the District Attorney neither filed a brief nor notified this Court of his election not to submit a brief (*see* 22 NYCRR 1000.2 [d]). The District Attorney thus failed "to perform his duty to the people of his county" (*People v Herman*, 187 AD2d 1027, 1028 [1992]; *see People v Wright*, 22 AD2d 754, 754 [1964], *affd* 16 NY2d 736 [1965], *cert denied* 384 US 972 [1966]), and we emphasize that such "duty . . . is in no way diminished or excused by reason of the fact that we have affirmed the conviction after a careful consideration of the record and law" (*Coger*, 2 AD3d at 1280 [internal quotation marks omitted]). Present—Whalen, P.J., Centra, DeJoseph, NeMoyer and Winslow, JJ.