People v Zolner
2026 NY Slip Op 04102
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CURTIS W. ZOLNER, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
468 KA 24-02011
Present: Whalen, P.J., Lindley, Ogden, Nowak, And Delconte, JJ.

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ABIGAIL D. WHIPPLE OF COUNSEL), FOR DEFENDANT-APPELLANT.

Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered September 5, 2023. The judgment convicted defendant, upon his plea of guilty, of criminal contempt in the first degree, attempted promoting prison contraband in the first degree and criminal possession of stolen property in the fourth degree.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his guilty plea, of criminal contempt in the first degree (Penal Law § 215.51 [b] [v]), attempted promoting prison contraband in the first degree (§§ 110.00, 205.25 [1]), and criminal possession of stolen property in the fourth degree (§ 165.45 [1]).
Even assuming, arguendo, that defendant did not validly waive his right to appeal (see People v Langdon, 240 AD3d 1412, 1412 [4th Dept 2025], lv denied 44 NY3d 994 [2025]; see generally People v Thomas, 34 NY3d 545, 564-566 [2019], cert denied 589 US 1302 [2020]), we nevertheless conclude that defendant's sentence is not unduly harsh or severe.
To the extent that defendant contends on appeal that he was unaware of his potential sentencing exposure if he was unsuccessful in completing inpatient treatment and therefore his plea was involuntary (see e.g. People v Barnes, 238 AD3d 1509, 1509 [4th Dept 2025]; People v Ford, 234 AD3d 1054, 1055-1056 [3d Dept 2025], lv denied 43 NY3d 963 [2025]), we note that defendant did not move to withdraw his guilty plea or to vacate the judgment of conviction and thus failed to preserve that contention for our review (see Barnes, 238 AD3d at 1509).
Finally, we note that the Cattaraugus County District Attorney did not file a brief in opposition to defendant's appeal and therefore failed " 'to perform [her] duty to the people of [her] county' " (People v Maull, 218 AD3d 1236, 1243 [4th Dept 2023], quoting People v Coger, 2 AD3d 1279, 1280 [4th Dept 2003], lv denied 2 NY3d 738 [2004]; see generally County Law § 700 [1]). The District Attorney is obligated to file a brief in opposition unless the appeal is from a judgment that the District Attorney concedes should be reversed (see Coger, 2 AD3d at 1280); and we emphasize that the District Attorney's "duty . . . is in no way diminished or excused by reason of the fact that we have affirmed the conviction after a careful consideration of the record and law" (id. [internal quotation marks omitted]; see People v Vullo, 153 AD3d 1630, 1631 [4th Dept 2023], lv denied 30 NY3d 1064 [2017]).
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court