■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT J. SWANDA, Appellant. — Appeal from a judgment of the County Court of Broome County (Smyk, J.), rendered April 7, 1980, upon a verdict convicting defendant of the crimes of criminally negligent homicide, driving while intoxicated, and operating a motor vehicle while having .10% or more by weight of alcohol in his blood. Following a fatal motor vehicle accident involving an automobile in which the decedent was a passenger and a pick-up truck driven by defendant, the latter voluntarily submitted to a blood test. Analysis revealed that his blood contained .15% alcohol by weight. Over defendant's objection, this test result was admitted into evidence at trial and defendant was convicted of the three crimes charged. Defendant maintains that the prosecutor should have been precluded from offering the blood analysis results because a testable portion of the blood sample had not been preserved for independent analysis by defendant. The sample was drawn in the early morning hours of October 2, 1978. Defendant was aware of its existence during the almost nine-month period which elapsed before its production was first sought. At that juncture,

the sample was dehydrated and useless for retesting. Significantly, as in *People v Briggs* (81 AD2d 1017), not only did the District Attorney not question defendant's right to discover and inspect the sample, but additionally his office even apprised defendant of the procedure to be observed in securing the sample. Inasmuch as the lost opportunity to examine a sample susceptible of analysis was the product of defendant's leisurely approach to discovery, the court's ruling was eminently proper. Nor is there merit in defendant's contention that the trial court erred in permitting expert testimony concerning whether the blood sample contained alcohol produced *in vitro* after the sample was extracted. That testimony was necessary to rebut defendant's cross-examination intended to imply that a preservative had not been applied and thus fermentation had occurred. As the subject matter of the expert testimony was beyond the ordinary knowledge and experience of the jury, an expert's opinion was appropriate (*Matott v Ward,* 48 NY2d 455, 459). Lastly, in light of the seriousness of the offense, we are not disposed to disturb the sentence. Judgment affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.