(October 28, 1982)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS MURRAY, Appellant. — Appeal from a judgment of the County Court of Broome County (Smyk, J.), rendered November 28, 1978 upon a verdict convicting defendant of the crime of criminal possession of a controlled substance in the third degree. On March 15, 1978, defendant engaged in three recorded telephone conversations with, and initiated by, a police informant respecting the acquisition of heroin in New York City for subsequent sale in the Binghamton area. Two days later, defendant was arrested and, pursuant to a warrant, his car searched. Five glassine bags of heroin were discovered. Defendant contends that flagrant error was committed when the Trial Judge, over objection, permitted the jury to hear portions of tape-recorded conversations wherein reference was had to drug sales made by defendant in the past for which he had not been criminally charged. It is also claimed that the court erroneously failed to require an expert to produce the materials he used in conducting identification tests on the white powdery substance found in defendant's car. Evidence of prior uncharged criminal conduct may be received on the issue of the defendant's intent provided the probative value of that evidence outweighs its prejudicial effect (*People v Ventimiglia,* 52 NY2d 350). Since intent to sell the heroin was a material element of the crime charged, the prosecution maintained that defendant's discussion with the informant of defendant's prior sales was, therefore, admissible (*People v Rose,* 84 AD2d 645, affd 57 NY2d 837). However, even concededly probative evidence must be both material and necessary before it can be presented to the jury (*People v Ventimiglia, supra,* p 360). Here, the objected to discussion was not only somewhat ambiguous, for testimony specifying the time and circumstances of the previous transactions was lacking, it was also unnecessary; there was substantial evidence elsewhere in the record of intention to sell the heroin defendant was transporting. Although it was improper, even with the court's carefully repeated instructions limiting the jury's consideration of the conversations to the issue of intent to sell, to allow into evidence those portions relating to prior uncharged crimes, the error was harmless. Examination of the record leads to the unavoidable conclusion that there was no "significant probability * * * that the jury would have acquitted the defendant had it not been for the error * * * which occurred" (*People v Crimmins,* 36 NY2d 230, 242). In those conversations which were properly in evidence, defendant acknowledged that, even if the quality of the drugs proved to be faulty, he would make "some profit" or at least "get rid of them [packets of heroin] for what I paid for them". Furthermore, at the trial the informant testified that defendant told her he intended to sell the heroin which the police later seized. The challenge to the expert's testimony is meritless. There was no need for the expert to produce the experimental materials used in performing tests on the white powdery substance found in defendant's car. The results obtained were based on the witness' personal knowledge and defendant had ample opportunity to cross-examine him. Moreover, defendant declined to avail himself of the chance to have his own expert test the substance (see *People v Swanda,* 87 AD2d 940). Nor is there any "best evidence" issue here; the records and materials used by the expert merely recorded his personal observations and were not, in themselves, legally operative documents (*Universal Grain Corp. v Lamport & Holt Line,* 54 NYS2d 53). Finally, we are unwilling to agree that the minimum sentence of five years which was imposed was excessive (*People v Rose, supra*). Judgment affirmed. Mahoney, P. J., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.