■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH H. HATCH, II, Appellant. — Appeal from a judgment of the County Court of Columbia County (Clyne, J.), rendered February 17, 1983, upon a verdict convicting defendant of the crimes of unlawful imprisonment in the first degree, sexual abuse in the first degree and attempted rape in the first degree.

The victim of these crimes was defendant's probation officer. He had been under her supervision since February, 1982. In addition to the requirement of weekly reporting, defendant periodically contacted her outside of regular working hours. He

suffered from periods of extreme depression and on at least one occasion indicated suicidal tendencies, which, with the victim's assistance, resulted in professional mental health counseling and treatment at the Capital District Psychiatric Center in the City of Albany. During this period, he had indicated that his feelings toward her went beyond the professional relationship that existed, although she had made it clear that this feeling was not mutual.

At about 6:00 P.M. on August 9, 1982, defendant telephoned the victim at her home, indicating he was very upset. She invited him to her home, where they talked for over two hours. Since he indicated suicidal tendencies, she called defendant's mental health counselor who concluded that hospitalization was inappropriate and that he should return to his home. The victim's offer to drive defendant back to his home was accepted. Along the way, defendant placed a knife against her ribs and directed her to drive around several back roads in the vicinity of the City of Hudson in Columbia County. During this period, defendant continued to state that he was going to take his own life and the victim continued to attempt to dissuade him. At about 1:30 A.M., defendant permitted the victim to drive back to her apartment to use her bathroom facilities, following which he bound her so she could not stop him from attempting suicide. After further conversation, defendant concluded that it would be easier for him to commit suicide if he knew that the victim hated him. He thereupon further bound her legs and wrists, gagged her with a small towel, cut away her shirt, removed her underclothing, and sexually molested her. He then attempted to rape her but did not succeed. At about 5:00 A.M., defendant untied the victim and permitted her to call the Columbia County Sheriff's Department, who came to the scene and arrested defendant. After trial, defendant was found guilty of unlawful imprisonment in the first degree, sexual abuse in the first degree and attempted rape in the first degree. He received maximum consecutive indeterminate sentences of 1⅓ to 4 years, 2⅓ to 7 years, and 5 to 15 years, respectively.

On this appeal, defendant contends that the imposition of consecutive sentences was improper, that he was denied effective assistance of counsel at trial, and that the "merger doctrine" should apply to the conviction for unlawful imprisonment.

Concurrent sentences are required when a single inseparable act violates more than one statute, or if an act violates one statute and is a material element in the violation of the other (Penal Law, § 70.25, subd 2; *People ex rel. Maurer v Jackson*, 2 NY2d 259, 264). Consecutive sentences are proper for separate

and distinct acts which violate more than one section of the Penal Law, even if such acts are part of a "continuous course of activity" (*People v Brown,* 66 AD2d 223, 226). A careful examination of the record demonstrates that although the production of the knife occurred at 8:30 P.M. in the victim's car, there was no evidence of any actual or contemplated sexual abuse or attempted rape until the return to her residence after 1:30 A.M. Since the acts constituting unlawful imprisonment were separate and distinct from the sexual offenses, the consecutive sentence for unlawful imprisonment was proper. However, we must arrive at a different conclusion when considering the crimes of sexual abuse and attempted rape. The attempted rape was in progress at the time of the acts which constitute the elements of sexual abuse and were an integral part of it. Also, the basic acts constituting the two crimes are similar (*People v Christman,* 23 NY2d 429). Therefore, the sentences for these two crimes should run concurrently (see, also, *People v Underwood,* 52 NY2d 882; *People v Birmingham,* 16 NY2d 984; *People v Bolden,* 83 AD2d 921, affd 58 NY2d 741), since these circumstances are factually distinguishable from *People v Brown* (*supra*), where there were three distinct criminal acts (see, also, *People v Tanner,* 30 NY2d 102, 108).

As to the competence of trial counsel, we find nothing to support a contention that the professional assistance provided to defendant violated any of the standards of performance required by an attorney defending a criminal case (see *Strickland v Washington,* 466 US __, 104 S Ct 2052; *People v Lane,* 60 NY2d 748; *People v Smith,* 59 NY2d 156, 166-167). Defendant submitted to a psychiatric examination before trial, and defense counsel chose not to pursue a mental defect defense as a tactical decision after report of the examination. There is nothing in the record to overcome the strong presumption that defense counsel's conduct was within the wide range of reasonable professional assistance (*Strickland v Washington, supra*). Other arguments of ineffectiveness of counsel are too patently without merit to require comment.

Finally, since we conclude that defendant committed the acts constituting unlawful imprisonment before he formed an intent to commit the sexual offenses, the merger doctrine should not be applied to the unlawful imprisonment conviction (see *People v Geaslen,* 54 NY2d 510, 516-517; cf. *People v Stoesser,* 92 AD2d 650, 652).

Judgment modified, on the law and the facts, by reversing so much thereof as directed defendant to serve consecutive terms of imprisonment for the convictions of sexual abuse in the first

degree and attempted rape in the first degree; said sentences are to run concurrent with one another and consecutive to the sentence imposed for the conviction of unlawful imprisonment in the first degree; and, as so modified, affirmed. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.