■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JORGE BURGOS, Appellant. — Judgment unanimously affirmed. Memorandum: Defendant appeals from his conviction after a jury trial for burglary, second degree (two counts), sodomy, first degree, sexual abuse, first degree, and assault, second degree, arising from an attack on a woman in her apartment. There is no merit to his argument that the identification testimony of one Quackenbush, who testified that he lived in the victim's apartment building and saw defendant outside of her apartment one week prior to the crime, was tainted by a suggestive photographic array viewed by him. The *Wade* court's finding that the identification was based on a source independent from the viewing of the array (see *People v Tinsley,* 58 NY2d 990; *People v Adams,* 53 NY2d 241) is supported by the record. In any event, defendant concedes having been in the building at the time Quackenbush claimed to have seen him and he does not challenge the strong identification testimony of the victim herself, who said that defendant had tried to gain entrance to her

apartment a number of times in the past, including the date Quackenbush said that he saw him. While the sentencing court's reference to a prior charge of murder, for which defendant had been tried and acquitted, was improper, it is clear from the transcript that the court based its sentences on numerous other factors including defendant's extensive criminal record. The sentences are entirely proper and we find no basis for disturbing them. We have reviewed the other points raised and find them to be without merit. (Appeal from judgment of Monroe County Court, Bergin, J. — burglary, second degree, and other charges.) Present — Hancock, Jr., J. P., Doerr, Boomer, Green and O'Donnell, JJ.