■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARL WYMAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered May 8, 1985, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant argues that the trial court erred in allowing the introduction into evidence of currency which had been taken from him and his codefendants at the time of their arrest.

In order for real evidence to be admissible it must be shown to accurately portray a relevant and material element of the case *(see, People v Julian,* 41 NY2d 340, 342). In the instant action the defendant and his two accomplices were charged with forcibly stealing currency from a cab driver. At the time of the robbery the complainant was acutely aware of the amount of money he had in his possession, as well as its specific denominations, since he had just finished counting it prior to responding to the location where the incident occurred. Shortly after the robbery, the suspects were apprehended and subsequently the police discovered on their persons the amount of currency that the complainant had alleged to have been taken from him, but for an unspecified amount of loose change which had been removed from his pocket. This currency was immediately vouchered by the arresting officer and later introduced into evidence during his trial testimony.

The admission of the currency into evidence was directly related to the main issue of the case, i.e., the robbery of the complainant. Furthermore, there was an adequate foundation

for the introduction of the currency into evidence since the People established an unbroken chain of custody from the time of the defendant's arrest until its introduction into evidence at trial *(see, People v Newman,* 129 AD2d 742, *lv denied* 70 NY2d 652; *People v Scott,* 124 AD2d 684, 685, *lv denied* 69 NY2d 833).

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either without merit or unpreserved for appellate review. Thompson, J. P., Brown, Spatt and Sullivan, JJ., concur.