■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RECCO GLENN, Appellant

We find, as did the hearing court, that the defendant had no reasonable expectation of privacy in the location of his arrest, to wit, his mother's apartment, since he had moved out of that apartment three months prior to his arrest, did not retain a room there and kept no possessions there *(see, People v Ponder,* 54 NY2d 160; *People v Scott,* 124 AD2d 684, *lv denied* 69 NY2d 833). Accordingly, the defendant lacked standing to challenge any potential Fourth Amendment violations.

In any event, assuming, arguendo, that the defendant did possess the requisite standing to contest the propriety of the police actions, the record reveals that the entry by the police into the residence where the defendant was apprehended was effectuated pursuant to the consent of his mother.

The defendant's assertion that the prosecutor vouched for the credibility of the complaining witness and thereby deprived him of a fair trial is equally unavailing. Under the circumstances, the prosecutor's remark that the complaining witness had no motive to lie was an appropriate and fair response to the comments made by defense counsel during summation which challenged the credibility of the complaining witness *(see, People v Oakley,* 114 AD2d 473, *lv denied* 66 NY2d 921). Lawrence, J. P., Kunzeman, Eiber and Balletta, JJ., concur.