■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEON WILLIAMS, Appellant.—Appeal by the defendant from two judgments of the Supreme Court, Westchester County (Lange, J.), both rendered October 26, 1984, convicting him of kidnapping in the second degree, sodomy in the first degree, sexual abuse in the first degree (four counts), robbery in the first degree, robbery in the second degree, criminal use of a firearm in the first degree and criminal possession of a weapon in the third degree (two counts), under indictment No. 83-00899, upon a jury verdict, and convicting him of kidnapping in the second degree, rape in the first degree (two counts) and criminal use of a firearm in the first degree, under indictment No. 83-01207, upon his plea of guilty, and imposing sentences. The appeal under indictment No. 83-00899 brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgments are modified, on the law and the facts, and as a matter of discretion in the interest of justice, by reversing the defendant's convictions of kidnapping in the second degree under indictments Nos. 83-00899 and 83-01207 and vacating the sentences imposed thereon, and those counts of the indictments are dismissed; and it is further,

Ordered that the judgment under indictment No. 83-00899 is further modified, on the law, by deleting the provision thereof that the terms of imprisonment imposed for sodomy in the first degree and sexual abuse in the first degree (four counts) were to run consecutively to each other and substituting therefor a provision that the terms of imprisonment for sodomy in the first degree and sexual abuse in the first degree under counts five and six of that indictment are to run concurrent to each other and the terms of imprisonment for sexual abuse in the first degree under counts seven and eight of that indictment are to run concurrently to each other but

consecutive to the terms of imprisonment for sodomy in the first degree and the remaining two counts of sexual abuse in the first degree; and it is further,

Ordered that as so modified, the judgments are affirmed.

On June 21, 1983, the complainant had returned from bowling and was on the street in front of her home when she was accosted by a black man holding a gun who told her, "Don't say anything and you won't get hurt". She was placed in a car and driven to a residential street in an area she was unfamiliar with. There she was sodomized and sexually assaulted by the defendant and his accomplice. The accomplice then took $80 from her purse and thereafter she was driven back to Yonkers and released a short distance from her home. At some point during her abduction the defendant referred to himself as "Willie". Before she left the vehicle the men made her write her name, address and telephone number on a piece of paper. She returned to her home where she told her mother and stepfather what had occurred. The crime was reported to the police and she gave them a description of her assailants.

On July 3, 1983, the complainant was at home with her family when she received a telephone call. The caller identified himself as Willie and she immediately realized he was one of her assailants. She asked him to hold on and told her mother who was on the telephone. Her mother picked up the telephone, pretending to be the complainant, and began talking. She offered to meet the caller later that evening and he agreed to call back at 9:00 P.M. to make arrangements. The police were alerted immediately and they placed a recording device on the telephone. At 8:30 P.M. two detectives arrived at the complainant's home to await Willie's call.

The telephone rang at 9:20 P.M. and the complainant's sister answered. Pretending to be the complainant, she arranged to meet Willie in the parking lot of the Raceway Diner at 10:00 P.M. The police decided that the sister would drive the family car to the diner where she would park in the lot to await Willie's arrival. Two detectives were to position themselves nearby to maintain surveillance. The complainant was to accompany another detective to the parking lot of the Yonkers Raceway which overlooked the Raceway Diner from which vantage point the complainant would hopefully be able to identify Willie when and if he arrived for his rendezvous. Shortly after all parties had taken their positions a black male, matching the description of Willie that the complainant had given the police, began walking toward the diner. The

complainant immediately identified him as one of the men who attacked her. The defendant was indicted for crimes arising out of this incident under indictment number 83-00899. After a trial, he was found guilty on 11 of the 13 counts submitted to the jury.

On appeal the defendant contends that the complainant's in-court identification of him should have been suppressed as the result of suggestive police procedures. In essence the defendant is arguing that the plan which was initiated by the police to apprehend him when he attempted to meet the complainant at the diner amounted to a "police arranged confrontation * * * between [himself] and an eyewitness * * * for the purpose of establishing [his] identity" *(People v Gissendanner,* 48 NY2d 543, 552). The plan as executed was not unnecessarily suggestive and conducive to an erroneous identification *(see, People v Logan,* 25 NY2d 184, 193; *People v Gissendanner, supra).*

The defendant argues that his convictions for kidnapping in the second degree under both indictments must be reversed because those crimes merged with the other crimes of which he was convicted. Since it is clear that the asportation of the victim was for the purpose of accomplishing the sexual assaults the kidnappings were an inherent part of those crimes and the merger doctrine should be applied *(see, People v Cassidy,* 40 NY2d 763; *People v Brown,* 112 AD2d 1087; *People v Pellot,* 105 AD2d 223). Although the defendant pleaded guilty to kidnapping in the second degree under indictment No. 83-01207, we nevertheless vacate that conviction in the interest of justice.

The defendant, apparently for the first time, now claims that the prosecutrix may have used her peremptory challenges to exclude blacks from the jury, violating the defendant's equal protection rights *(see, Batson v Kentucky,* 476 US 79). He claims that he cannot pursue this claim since the minutes of the jury voir dire have now been destroyed and, therefore, he believes that we should summarily reverse his conviction. The defendant makes no claim that, in fact, the People did exclude all blacks from the jury and furthermore there is no indication that he made any objection in that regard before the trial court. Under those circumstances he has failed to preserve this issue for appellate review *(see, Batson v Kentucky, supra,* at 92-93; *see also, People v Cartagena,* 128 AD2d 797, *lv denied* 70 NY2d 798).

We must agree with the defendant that the imposition of consecutive sentences for certain of the crimes of which he

was convicted was improper since the record reveals certain of these crimes were not the result of disparate and separate acts *(see,* Penal Law § 70.25 [2]; *People v Brathwaite,* 63 NY2d 839; *People v King,* 115 AD2d 563; *People v Williams,* 114 AD2d 683). The defendant's convictions for sodomy in the first degree and his convictions for sexual abuse in the first degree, under counts five and six of indictment No. 83-00899 all arose out of the same act of sexual assault. Although during this attack the defendant committed several distinct crimes, they all resulted from what was essentially one continuous act *(see, People v Hatch,* 105 AD2d 549; *People v Scott,* 124 AD2d 684, *lv denied* 69 NY2d 833). Under counts seven and eight of the indictment the defendant was convicted of sexual abuse in the first degree, as an accomplice based on the acts of the other perpetrator in the assault. Since these crimes were also the result of what was essentially one act the sentences should run concurrently. However since the accomplice's acts were "disparate and separate" from the acts committed by the defendant, the sentences under counts seven and eight can run consecutively to the sentences for sodomy and the other sexual abuse counts *(see, People v Brathwaite, supra; People v King, supra).*

We have examined the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Weinstein, Rubin and Kooper, JJ., concur.