■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM JOHNSON, Appellant.—Judgment affirmed. Memorandum: Defendant was convicted of attempted murder in the second degree and related offenses for shooting Raymond Harper three times with a handgun. On appeal, defendant contends that the trial court erred in admitting testimony from several witnesses about prior bad acts, assaults and other misconduct directed by defendant and his siblings against Montey Harper, the victim's brother. We disagree.

The People's theory at trial was that the intended victim of the assault was Montey Harper, the victim's brother. In support of this theory the People presented evidence that the Harper brothers looked very much alike and that Raymond was using Montey's car on the night of the shooting. Several witnesses, including Montey Harper, testified about the bitterness that existed between him and members of defendant's family. Evidence of prior uncharged crimes may be received if it helps to establish some element of the crime under consideration or is relevant because of some recognized exception to the general rule *(see, People v Alvino,* 71 NY2d 233, 241-242; *People v Molineux,* 168 NY 264, 293). The evidence regarding the conduct of defendant's siblings, under the particular and

unusual circumstances of this case, is directly related to motive because it is " 'inextricably interwoven' with directly related material in the sense that it is 'explanatory of the acts done or words used in the otherwise admissible part of the evidence' " *(People v Ely,* 68 NY2d 520, 529, quoting *People v Ventimiglia,* 52 NY2d 350, 361) and its probative worth exceeded its potential for prejudice *(see, People v Hudy,* 73 NY2d 40; *People v Ely, supra,* at 529). Where, as here, the People's case is based upon circumstantial evidence, " 'motive often becomes not only material but controlling' " *(People v Moore,* 42 NY2d 421, 428, *cert denied* 434 US 987, quoting *People v Fitzgerald,* 156 NY 253, 258).

Moreover, with respect to this evidence, defendant neither requested "a limiting instruction nor excepted to the charge as given" *(People v Williams,* 50 NY2d 996, 998; *see also, People v Ingram,* 67 NY2d 897; *People v Bailey,* 133 AD2d 462, 463, *lv denied* 71 NY2d 892), and on this record the charge as given was not so deficient in this regard as to be equivalent to no charge at all and thus require reversal even though no exception was taken *(People v Williams, supra,* at 998).

We have reviewed defendant's remaining contentions and find them to be lacking in merit.

All concur, except Pine, J., who dissents and votes to reverse, in the following memorandum.

Pine, J. (dissenting). I dissent. At the beginning of the trial the People indicated, "in line with People versus Ventimiglia" (52 NY2d 350), that they intended to offer proof of an incident between Montey Harper and defendant's brother, Rick James, at the 2001 Club, to establish that there was bad blood between the defendant's family and the victim's family. The People also referred to a second incident at the Club Et Cetera when Montey Harper alleged that defendant pulled a knife on him, and a third incident at defendant's brother's house during which Montey Harper was allegedly punched and abused by Rick James and some bodyguards. Defendant objected on the ground that he was not at the 2001 Club, and he contended that the People were merely trying to "sully the reputation of the Johnson family" and to convince the jury to convict him of a very serious charge because there was such bad blood. The court ruled that "proof of motive and prior acts related to motive are admissible and the rest will have to be decided at the time they arise." In my view, the court should have ruled that evidence of acts by defendant's siblings toward Montey Harper could not be introduced to show motive of defendant.

The majority finds that evidence of conduct by defendant's siblings is related to motive because it is inextricably interwoven with otherwise admissible evidence, that its probative worth exceeds its potential for prejudice and that motive was key to this circumstantial evidence case. No case has been cited in which proof of uncharged crimes by a sibling of a defendant, directed at a third person, has been allowed to show motive or intent by that defendant with respect to the third person and I conclude that such evidence is not logically relevant to the existence of motive or intent. While several members of the Johnson family might have *shared* a motive to harm Montey Harper, any act by a sibling of defendant against Harper would not *constitute* a motive for defendant to harm him. The logical inference to be drawn from the evidence of acts by a sibling is that the shared motive was very strong and that, if a sibling had previously assaulted Harper, it was likely that defendant would have tried to kill him. Because evidence of acts by a sibling is not relevant, except as to defendant's criminal propensity, its admission was an error of law *(People v Hudy,* 73 NY2d 40; *People v Alvino,* 71 NY2d 233, 242).

The People concede on appeal that evidence concerning the claimed acts of members of the Johnson family did not fit the traditional norms of proof under *People v Molineux* (168 NY 264) in that the acts were not directly attributable to defendant. They argue, for the first time on appeal, that the evidence tended to establish motive by providing a factual backdrop, relying on *People v Green* (35 NY2d 437, 441-442) and *People v Stanard* (32 NY2d 143). While some factual backdrop may have been proper in this case, the evidence here, as in *Green* and *Stanard,* went much too far.

*Ventimiglia (supra,* at 362) advised the trial court to evaluate with particularity, or even to "parse", the proffered evidence and to assess its relevance, probativeness, and the necessity for it against its prejudicial effect and to "either admit or exclude it in total, or admit it without the prejudicial parts when that can be done without distortion of its meaning".

I submit that the court's *Ventimiglia* ruling failed to reflect consideration of the appropriate criteria and that it was clearly in error with respect to the first and third incidents enumerated by the People. The prejudice to defendant is obvious and I conclude that a new trial should be required. (Appeal from judgment of Supreme Court, Erie County, Wolfgang, J.—attempted murder, second degree, and other

charges.) Present—Callahan, J. P., Doerr, Boomer, Pine and Davis, JJ.