■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKIE JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered October 19, 1987, convicting him of robbery in the first degree, robbery in the second degree and assault in the second degree, upon a jury verdict, and imposing sentence.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP JOHNSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Fisher, J.), rendered August 17, 1987, convicting him of criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The most crucial prosecution testimony in the instant case

was supplied by a Narcotics Division detective who observed the defendant, through binoculars, from the roof of a four-story building, selling drugs on the street below. The transaction took place approximately 70 to 80 feet from the detective's vantage point. On the instant appeal, the defendant argues, *inter alia,* that the prosecution improperly vouched for the detective's credibility, and thereby deprived him of a fair trial. We disagree. Virtually all of the prosecution's remarks in this regard were unobjected to, and are not preserved for appellate review *(see, People v Medina,* 53 NY2d 951; *People v Coker,* 135 AD2d 723). It is true that defense counsel objected to the prosecutor's following improper statement: "Ladies and gentlemen, use your common sense. I submit to you the only thing he can do, he gets on the stand and he says every one of those police officers lied. Every one of those police officers lied. They took the stand before you. They raised their right hand and they lied". However, a defense objection was sustained and the following curative instruction was given by the court: "This is argument but as I recall it and, of course, your recollection controls here[,] [t]he defendant's testimony did not necessary mean that every police officer who testified here lied. And, therefore, the comment made by the District Attorney is stricken".

The defense neither requested further curative instructions nor sought a mistrial. Accordingly, any claim regarding this comment has not been preserved for appellate review *(People v Medina,* 53 NY2d 951, *supra; People v Coker,* 135 AD2d 723, *supra).* In any event, a review of the record indicates that the thrust of the defense, as evidenced by the defendant's own testimony and the summation of his counsel, was to portray the police officers who testified as, at best, mistaken, or at worst, liars. Under these circumstances, the prosecutor's comments, in this case, constituted fair response to the defense *(see, People v Galloway,* 54 NY2d 396; *People v Glenn,* 140 AD2d 623).

We have reviewed the defendant's remaining contention, that the prosecutor misstated a portion of the defendant's testimony, and are of the view that the defendant was not prejudiced thereby. Mangano, J. P., Thompson, Eiber and Balletta, JJ., concur.