■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN BAEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Chetta, J.), rendered April 30, 1987, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that he was entitled to a jury instruction on the defense of agency because the testimony of an undercover officer raised the issue of whether he was acting merely as the agent of a purchaser. He argues that the court, by failing to so instruct the jury, deprived him of a fair trial. The defendant's claim of error is unpreserved. A reading of the record shows that at no time during the trial did the defendant request any charge on agency. Nor did he object to the charge as given by the court on that ground. It is beyond cavil that where a defendant at the trial fails to request a particular charge and fails to take exception to the charge as given on the ground that the particular charge was not included, then the claim that the defendant would have been entitled to that charge, had he timely sought it, has not been preserved for appellate review (see, People v Whalen, 59 NY2d 273, 280; People v Argibay, 45 NY2d 45, 53; People v Udzinski, 146 AD2d 245).

The defendant also contends that he was deprived of his right to a public trial (see, People v Jones, 47 NY2d 409, cert denied 444 US 946), when the Trial Judge cleared the courtroom, allegedly without satisfactory explanation in the record.

He claims that this warrants an automatic reversal. We decline to reach the merits of this issue since it also was not properly preserved for appellate review (see, CPL 470.05; *People v Scott*, 134 AD2d 379, 381). It has long been held that a defendant may waive his right to a public trial if an objection is not taken within a reasonable time (see, *People v Miller*, 257 NY 54; *People v Scott, supra*).

We have examined the defendant's other contention and find it to be without merit (see, *People v Suitte*, 90 AD2d 80). Mangano, P. J., Thompson, Bracken and Eiber, JJ., concur.