■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHAN BAXTER, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the trial court erred in precluding him from testifying, in support of his justification defense, that he previously had been beaten by police officers. We disagree because defendant failed to make an offer of proof clearly and unambiguously to indicate that his prospective testimony would be relevant to a justification defense *(see, People v Cotto,* 159 AD2d 385, *lv denied* 76 NY2d 786; *People v Houghton,* 155 AD2d 883; *People v Billups,* 132 AD2d 612, *lv denied* 70 NY2d 873; *see also, Matter of Robert S.,* 52 NY2d 1046; *see, e.g., People v Lyons,* 115 AD2d 766).

Although defendant was acquitted of the charge of sexual abuse in the first degree, he argues that the court committed reversible error in closing the courtroom to the public, prior to complainant's testimony, without first conducting an inquiry regarding the propriety of that decision. The issue, however, has not been preserved for appellate review *(see,* CPL 470.05 [2]; *People v Baez,* 162 AD2d 602, *lv denied* 76 NY2d 852). We observe, however, that prior to ordering closure of the courtroom to the public, a trial court should make a careful inquiry to ascertain whether closure is warranted and should articulate the basis for its decision on the record *(see, People v Clemons,* 78 NY2d 48).

Furthermore, the court should have scrupulously followed the spirit of its *Sandoval* ruling and precluded the testimony of defendant's mother regarding defendant's alleged prior commission of criminal mischief, an uncharged crime *(see, People v Ventimiglia,* 52 NY2d 350; *People v Molineux,* 168 NY 264; *People v Powell,* 152 AD2d 918). The error, however, was harmless in view of the other evidence *(People v Crimmins,* 36 NY2d 230).

We have examined defendant's remaining contention and find it to be without merit. (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Mischief, 4th Degree.) Present—Doerr, J. P., Denman, Boomer, Green and Davis, JJ.