■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERWIN WILLIAMS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant failed to preserve for our review his contention that he was denied his right to a public trial by the trial court's closure of the courtroom to the public during the complainant's testimony (see, People v Baxter, 177 AD2d 1003; People v Baez, 162 AD2d 602, lv denied 76 NY2d 852). We observe, however, that prior to its closure determination, the trial court conducted an in camera interview with the complainant in which it made a careful inquiry to ascertain whether the closure was warranted and, thereafter, sufficiently articulated the reasons for its decision on the record (see, People v Baxter, supra; cf., People v Clemons, 78 NY2d 48).

The trial court erred in admitting the testimony of defendant's ex-wife concerning confidential communications made by defendant to her during the marriage (see, CPLR 4502 [b]; *People v Fediuk*, 66 NY2d 881; *cf., People v Edwards*, 151 AD2d 987, *lv denied* 74 NY2d 808); nevertheless, we deem the error harmless. The proof of defendant's guilt was overwhelming and there is no significant probability that the jury would have acquitted defendant had it not been for the error which occurred (see, *People v Crimmins*, 36 NY2d 230, 242).

The court did not err in the imposition of consecutive sentences on the attempted murder and rape counts because those crimes were separate acts and not "one and the same" (*People v Day*, 73 NY2d 208; *see,* Penal Law § 70.25 [2]). Finally, we reject defendant's contention that he was deprived of a fair trial because of the Trial Judge's alleged lack of impartiality. (Appeal from Judgment of Supreme Court, Onondaga County, Gorman, J.—Attempted Murder, 2nd Degree.) Present—Doerr, J. P., Boomer, Pine, Balio and Davis, JJ.