■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN SCERAVINO, Appellant. [598 NYS2d 296] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered September 6, 1989, convicting him of rape in the first degree, sodomy in the first degree, and kidnapping in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On the evening of October 22, 1987, the defendant, enraged that the complainant, his former girlfriend, had refused to go out with him on his birthday, abducted her from the home of a girlfriend whom she was visiting. In the course of this abduction, the defendant punched and kicked the complainant repeatedly, and he also assaulted her friends who tried to prevent her seizure. With the complainant in his van, the defendant drove around for a time, verbally and physically abusing her. Finally, he parked in a wooded area behind an apartment complex, where he raped and sodomized his victim in a tarpaulin-covered boat.

The defendant contends on appeal that he was prejudiced by the admission into evidence of testimony regarding uncharged assaults as well as uncharged rapes and sodomies. However, the testimony regarding the uncharged assaults was never objected to at trial, and therefore any claim of error with respect thereto is unpreserved for appellate review (CPL 470.05 [2]). In any event, the defendant effectively waived any claim of error regarding testimony of uncharged rapes and sodomies when the defense counsel conceded that the defendant's consent defense was in no way impaired by the evidence of additional uncharged sexual activity and indicated that he was satisfied with the court's instructions to the jury limiting the use of this evidence. We note that the defendant himself testified to essentially the same number of sexual acts as did the complainant, with the only significant difference in their testimony being his allegation that she consented.

In any event, the evidence of both the uncharged assaults and the additional rapes and sodomies was properly admitted as part of the *res gestae,* as well as to establish the coercion component of kidnapping and the likelihood that the sexual activity was not consensual. The uncharged crimes were so " 'inextricably interwoven' " with the admissible evidence that they were necessary to "an understanding of the other

parts of the testimony" *(People v Ventimiglia,* 52 NY2d 350, 361, citing *People v Vails,* 43 NY2d 364). In addition, the court properly instructed the jury on which crimes were charged and how the evidence of uncharged crimes should be used. To the extent that the court failed to reiterate during its final charge that the crimes in the indictment were those alleged to have occurred in the boat, the error was harmless beyond a reasonable doubt both because the jury had been repeatedly made aware of where the charged crimes occurred, and because the proof of the defendant's guilt of the crimes charged could hardly be more overwhelming *(People v Crimmins,* 36 NY2d 230; *People v Murray,* 90 AD2d 640).

To the extent that the defendant preserved for appellate review any objection to certain isolated remarks made by the prosecutor during his summation, we find that the remarks constituted legitimate comment on pertinent factual issues that the jury had to decide *(cf., People v Ashwal,* 39 NY2d 105). They were also legitimate responses to remarks made by defense counsel during his summation *(see, People v Marks,* 6 NY2d 67, *cert denied* 362 US 912).

We further find that the defendant "committed the acts constituting unlawful imprisonment before he formed an intent to commit the sexual offenses [so that] the merger doctrine should not be applied to the unlawful imprisonment conviction" *(People v Hatch,* 105 AD2d 549, 551). Here, as in *People v Gonzalez* (80 NY2d 146, 153), the victim was driven around in a car while being physically and verbally abused, following which she was sexually molested. Under the circumstances, "[t]he abduction constituted the discrete crime of second degree kidnapping which was already completed, in all its elements, before the victim was allegedly sexually assaulted. The restraint was not a minimal intrusion necessary and integral to another crime, nor was it simultaneous and inseparable from another crime. It was a crime in itself".

Under the circumstances, the imposition of consecutive sentences was appropriate because the defendant's separate and distinct acts violated more than one section of the Penal Law, notwithstanding that his acts were part of a " 'continuous course of activity' " *(People v Hatch, supra,* at 550-551). Where, as here, "the acts constituting unlawful imprisonment were separate and distinct from the sexual offenses, the consecutive sentence for unlawful imprisonment was proper" *(People v Hatch, supra,* at 551; *see also, People v Brown,* 66 AD2d 223, 226). Nor are the sentences imposed otherwise harsh or excessive *(People v Farrar,* 52 NY2d 302;

*People v Suitte,* 90 AD2d 80; *People v Junco,* 43 AD2d 266, 268, *affd* 35 NY2d 419, *cert denied* 421 US 951).

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., O'Brien, Ritter and Copertino, JJ., concur.