■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLIE MIXON, Appellant. [611 NYS2d 723] —Judgment unanimously affirmed. Memorandum: Defendant contends that he was deprived of his constitutional right to a public trial because the Trial Judge conducted a portion of the jury voir dire in chambers. Because defendant failed to object to that procedure, his contention has not been preserved for appellate review *(see,* CPL 470.05 [2]; *see also, People v Baxter,* 177 AD2d 1003, *lv denied* 79 NY2d 943; *People v Baez,* 162 AD2d 602, *lv denied* 76 NY2d 852), and we decline to consider it as a matter of discretion in the interest of justice *(see,* CPL 470.15 [6]).

Defendant further contends that the trial court erred in admitting during the People's case-in-chief the testimony of several witnesses concerning the prior bad acts of defendant toward his ex-wife and children. We disagree. The People's

theory at trial was in part that the motive of defendant for the murder of his ex-wife and two children was his anger about the family's breakup, his loss of control over his ex-wife's actions and his jealousy arising from her seeing other men. The testimony complained of involved incidents that demonstrated defendant's anger, jealousy and threatening behavior caused by the parties' breakup. That testimony was relevant to establish defendant's motive *(see, People v Ely,* 68 NY2d 520, 530; *People v Mees,* 47 NY2d 997, 998; *People v Moore,* 42 NY2d 421, 428, *cert denied* 434 US 987; *People v Harris,* 136 NY 423, 451; *People v Johnson,* 149 AD2d 930, 930-931, *lv denied* 73 NY2d 1017). Moreover, because the People's case was based on circumstantial evidence, " 'motive often becomes not only material but controlling' " *(People v Moore, supra,* at 428, quoting *People v Fitzgerald,* 156 NY 253, 258). Consequently, the trial court, in admitting the challenged testimony, properly concluded that its probative weight exceeded its potential for prejudice *(see, People v Mees, supra; People v Moore, supra; People v Johnson, supra).*

We further find no merit to the contention of defendant that the trial court erred in refusing to admit photographs taken by his witness and a demonstration by his expert of lighting and angles of vision. Because defendant failed to demonstrate that the photographs fairly and accurately depicted what was observed by the witness, or that the photographs were taken under the same lighting conditions and from the same angle of view that she had on the morning of the murders, they were not adequately authenticated to support their unrestricted admission in evidence *(see, Leven v Tallis Dept. Store,* 178 AD2d 466, 466-467; *People v Tortorice,* 142 AD2d 916, 917; *cf., People v Byrnes,* 33 NY2d 343, 347). Furthermore, the trial court did not abuse its discretion in refusing to allow defendant's expert to testify concerning lighting and angles of vision because the jurors, based on their day-to-day experience, common observation, and knowledge, were able to determine whether to credit the testimony of the witness regarding her observations *(see generally, People v Cronin,* 60 NY2d 430, 432-433). In any event, given the overwhelming proof of defendant's guilt, any error in the court's refusal to admit the photographs or expert testimony is harmless *(see, People v Crimmins,* 36 NY2d 230, 241).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Supreme Court, Erie County, Wolfgang, J.—Murder, 2nd De-

gree.) Present—Denman, P. J., Balio, Lawton, Doerr and Davis, JJ.