■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY LEE BARNES, Appellant. [611 NYS2d 608] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Friedmann, J.), rendered September 11, 1991, convicting him of rape in the first degree, rape in the third degree, sodomy in the first degree (three counts), sodomy in the third degree (two counts), sexual abuse in the first degree (nine counts), kidnapping in the second degree (three counts), and robbery in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law and the facts, by reversing the convictions for kidnapping in the second degree under counts 2, 12 and 28 as specified in Queens

County superseding Indictment No. 4775/89, vacating the sentences imposed thereon, and dismissing those counts of the indictment; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision that the terms imposed for sexual abuse in the first degree under counts 5, 6, 7, 8, 9, 13, 14, 18 and 19 as specified in Queens County superseding Indictment No. 4775/89 shall run consecutively to each other and substituting therefor provisions that counts 5 and 6 shall run concurrent with each other but consecutive to all other counts, that counts 13 and 14 shall run concurrent with each other but consecutive to all other counts, and counts 18 and 19 shall run concurrent with each other but consecutive to all other counts; as so modified, the judgment is affirmed.

The merger doctrine requires the reversal of the defendant's convictions for all three counts of kidnapping in the second degree. The evidence demonstrates that the asportations of the three victims were incidental to the commission of sexual assaults *(see, People v Cassidy,* 40 NY2d 763; *People v Poladian,* 189 AD2d 911; *People v Black,* 189 AD2d 883; *People v Johnson,* 181 AD2d 914; *People v Williams,* 141 AD2d 783; *People v Bailey,* 133 AD2d 462; *People v Burgos,* 107 AD2d 1041; *but see, People v Gonzalez,* 80 NY2d 146; *People v Sceravino,* 193 AD2d 824).

Furthermore, the defendant's acts under counts 5 and 6 constitute one transaction separate and distinct from the sexual assault charged in counts 7, 8 and 9. While concurrent terms must be imposed for those acts representing a single continuous sexual assault *(see, People v Hurlbut,* 178 AD2d 958; *People v Jackson,* 169 AD2d 887; *People v Williams,* 141 AD2d 783, *supra; People v Scott,* 124 AD2d 684, *cert denied* 500 US 943), consecutive terms may be imposed for separate and distinct sexual assaults *(see, People v Williams, supra; People v Telford,* 134 AD2d 632; *People v Maxwell,* 122 AD2d 435). Similarly, as the defendant's acts under counts 13 and 14 constitute a single continuous sexual assault on a second victim and the defendant's acts under counts 18 and 19 represent a continuous sexual assault against a third victim, the imposition of consecutive terms of imprisonment was warranted *(see, People v Cohen,* 201 AD2d 494; *People v Halm,* 180 AD2d 841; *People v Patterson,* 165 AD2d 886).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Lawrence, J. P., O'Brien, Joy and Florio, JJ., concur.