■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AARON BOWSER, Appellant. [664 NYS2d 359] —Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered April 19, 1996, convicting him of rape in the second degree, sexual abuse in the first degree, attempted sexual abuse in the first degree, and endangering the welfare of a minor, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by deleting the provision thereof directing that the terms of imprisonment imposed for rape in the second degree (count two), sexual abuse in the first degree (count three), and attempted sexual

abuse in the first degree (count four) shall run consecutively to each other, and substituting therefor a provision directing that the terms of imprisonment imposed for those counts are to run concurrently with each other; as so modified, the judgment is affirmed.

The defendant was charged with rape and other sexual offenses in connection with an incident involving his girlfriend's 11-year-old niece. The jury reached its verdict after hearing the testimony of several witnesses, including the defendant and the victim. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented at trial, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

However, the acts constituting sexual abuse and attempted sexual abuse were an integral part of the rape. Accordingly, we modify the sentence to impose concurrent rather than consecutive terms of imprisonment on those convictions (*see,* Penal Law § 70.25 [2]; *People v Hurlbut,* 178 AD2d 958; *People v Williams,* 141 AD2d 783, 785-786; *People v Hatch,* 105 AD2d 549, 551). Copertino, J. P., Sullivan, Pizzuto and Lerner, JJ., concur.