■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELL FLOWERS, Appellant. (Appeal No. 1.) [667 NYS2d 546] —Judgment unanimously affirmed. Memorandum: County Court did not abuse its discretion in directing that three indictments be consolidated for trial (*see,* CPL 200.20 [4], [5]). Evidence of defendant's prior assaults of the victim, as charged in the first two indictments, was relevant and admissible to show defendant's motive and intent with respect to the charge in the third indictment that defendant intentionally killed the victim (*see, People v Bongarzone,* 69 NY2d 892, 895; *People v Burroughs,* 191 AD2d 956, 957, *lv denied* 82 NY2d 715). Thus, the offenses charged in each indictment were joinable for trial purposes pursuant to CPL 200.20 (2) (b) (*see, People v Bongarzone, supra,* at 895).

There is no merit to defendant's contention that the court erred in admitting during the People's case-in-chief the testimony of several witnesses concerning prior uncharged crimes and bad acts of defendant toward the victim. That testimony was relevant to establish defendant's motive and intent in committing the charged crimes (*see, People v Mixon,* 203 AD2d 909, 909-910, *lv denied* 84 NY2d 830, 909; *People v Wright,* 167 AD2d 959, 960, *lv denied* 77 NY2d 845). Additionally, the probative value of that testimony exceeded its potential for prejudice (*see, People v Moore,* 42 NY2d 421, 428, *cert denied* 434 US 987).

Defendant further contends that the court erred in permitting the People to read to the jury the Grand Jury testimony of the victim concerning the first incident of assault. We agree. It is well settled that, "[a]s a general rule, the Grand Jury testimony of an unavailable witness is inadmissible as evidence-in-chief" (*People v Geraci,* 85 NY2d 359, 365). An exception to the general rule permits the testimony to be admitted as direct evidence "where the witness is unavailable to testify at trial and the proof establishes that the witness's unavailability was procured by misconduct on the part of the defendant" (*People v Geraci, supra,* at 366). That exception, however, "cannot be invoked where * * * there is not a scintilla

of evidence that the defendant's acts against the absent witness were motivated, even in part, by a desire to prevent the victim from testifying against him in court" (*People v Maher,* 89 NY2d 456, 462). Here, there is no evidence that defendant's acts against the victim were motivated by a desire to prevent her from testifying concerning the incident. That error, however, is harmless. The evidence of defendant's guilt is overwhelming, and there is no significant probability that the jury would have acquitted defendant had it not been for the error (*see, People v Crimmins,* 36 NY2d 230, 242; *see also, People v Maher, supra,* at 462). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Assault, 2nd Degree.) Present— Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.