of evidence that the defendant's acts against the absent witness were motivated, even in part, by a desire to prevent the victim from testifying against him in court" (*People v Maher,* 89 NY2d 456, 462). Here, there is no evidence that defendant's acts against the victim were motivated by a desire to prevent her from testifying concerning the incident. That error, however, is harmless. The evidence of defendant's guilt is overwhelming, and there is no significant probability that the jury would have acquitted defendant had it not been for the error (*see, People v Crimmins,* 36 NY2d 230, 242; *see also, People v Maher, supra,* at 462). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Assault, 2nd Degree.) Present—Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELL FLOWERS, Appellant. (Appeal No. 2.) [666 NYS2d 866] —Judgment unanimously affirmed. Same Memorandum as in *People v Flowers* ([appeal No. 1] 245 AD2d 1088 [decided herewith]). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Possession Weapon, 3rd Degree.) Present—Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELL FLOWERS, Appellant (Appeal No. 3.) [669 NYS2d 115] —Judgment unanimously affirmed. Same Memorandum as in *People v Flowers* ([appeal No. 1] 245 AD2d 1088 [decided herewith]). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Murder, 2nd Degree.) Present—Green, J. P., Pine, Hayes, Callahan and Fallon, JJ.

■ AMERICAN FOOD & VENDING CORP., Respondent, v INTERNATIONAL BUSINESS MACHINES CORPORATION, Appellant. [667 NYS2d 545] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff, American Food & Vending Corp. (AFV), purchased the assets of ARA Services, Inc. (ARA). ARA had a contract with defendant, International Business Machines Corporation (IBM), to provide vending services to IBM's facilities in the Southern Tier region of New York State from June 1, 1994 through May 31, 1996. The agreement permitted either party to terminate the contract "for convenience" on 90-days' prior written notice. In September 1994, the agreement was amended to require an equipment update by ARA. ARA spent approximately $100,000 to comply with that amendment. At that time, ARA was negotiating with AFV for the sale of its assets and assignment of its contracts to AFV. The sale price reflected the cost of the updated equip-