effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Miller, J. P., Altman, Friedmann and Goldstein, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GAYLA SIMS, Appellant. [668 NYS2d 914] —Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered January 21, 1997, convicting her of forgery in the second degree, criminal possession of a forged instrument in the second degree, and petit larceny, upon a jury verdict, and imposing sentence. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738) in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, Thomas Fernandes is relieved as counsel for the defendant, and he is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Martin Geduldig, Esq., 400 S. Oyster Bay Rd., Hicksville, N. Y., 11801, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order of this Court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Based upon this Court's independent review of the record, we conclude that nonfrivolous issues exist with respect to, *inter alia,* the trial court's decision on that branch of the defendant's omnibus motion which was to suppress items recovered from the defendant's possession. Under the circumstances, the motion of the defendant's assigned counsel to be relieved as counsel is granted and new appellate counsel is assigned (*see, People v Gonzalez,* 47 NY2d 606; *People v Casiano,* 67 NY2d 906; *People v Miller,* 99 AD2d 1021). Mangano, P. J., Miller, Pizzuto and Krausman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GROVER TURNER, Appellant. [668 NYS2d 914] —Appeal by the de-

560

fendant from a judgment of the County Court, Orange County (Berry, J.), rendered May 16, 1995, convicting him of rape in the first degree and sexual abuse in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by deleting the provision thereof directing that the terms of imprisonment imposed shall run consecutively to each other, and substituting therefor a provision directing that the terms of imprisonment are to run concurrently with each other; as so modified, the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Contrary to the defendant's contention, he received meaningful representation of counsel (*see, People v Flores,* 84 NY2d 184, 187; *People v Baldi,* 54 NY2d 137, 147).

The court erred in imposing consecutive sentences and we therefore modify the judgment to provide that the sentences are to run concurrently with each other (*see, People v Bowser,* 244 AD2d 560; *People v Hurlbut,* 178 AD2d 958; *People v Williams,* 141 AD2d 783; Penal Law § 70.25 [2]). The sentences, as modified, are neither harsh nor excessive considering the violent nature of the defendant's acts (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. O'Brien, J. P., Thompson, Santucci and McGinity, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EVERTON WEST, Appellant. [668 NYS2d 913] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Marlow, J.), rendered October 16, 1996, convicting him of sodomy in the first degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur. —