■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HARVEY, JR., Appellant. [706 NYS2d 562] —Judgment

unanimously affirmed. Memorandum: Defendant contends that County Court erred in permitting the People to introduce testimony in their case-in-chief concerning previous incidents of domestic violence by defendant toward decedent. We disagree. That testimony was relevant to establish defendant's motive and intent (*see, People v Guiteau*, 267 AD2d 1094; *People v Flowers*, 245 AD2d 1088, *lv denied* 91 NY2d 972; *People v Avellanet*, 242 AD2d 865, *lv denied* 91 NY2d 868), and the probative value of that evidence exceeded its potential for prejudice (*see, People v Moore*, 42 NY2d 421, 428, *cert denied* 434 US 987; *People v Flowers, supra*). Although the court erred in permitting the People to introduce the statements of decedent to third parties that on previous occasions defendant physically abused her (*see, People v Maher*, 89 NY2d 456, 462; *People v Flowers, supra*), that error is harmless. Because defendant's objection to the admission of that evidence was based on a violation of a rule of evidence rather than defendant's constitutional right of confrontation, the harmless error standard for review is whether there is a significant probability that defendant would have been acquitted had those statements not been admitted (*see, People v Maher, supra*, at 462). Here, the evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (*see, People v Maher, supra*, at 462-463; *People v Flowers, supra*). The erroneously admitted statements were cumulative of testimony of the People's witnesses, who observed defendant's abuse of decedent and heard defendant's admissions of the abuse.

We further conclude that the court properly denied defendant's request to introduce hearsay evidence of certain statements as declarations against penal interest. "Hearsay evidence is admissible as a declaration against penal interest only if four prerequisites are met: (1) the declarant must be unavailable to give testimony, whether by reason of absence from the jurisdiction, refusal to testify on constitutional grounds or death; (2) the declarant must have been aware at the time of its making that the statement was contrary to his penal interest; (3) the declarant must have competent knowledge of the underlying facts; and (4) there must be sufficient competent evidence independent of the declaration to assure its trustworthiness and reliability [citations omitted]" (*People v Thomas*, 68 NY2d 194, 197, *cert denied* 480 US 948). The assertion of defense counsel that his private investigator was unable to locate the declarant failed to establish that he was absent from the jurisdiction and thus unavailable (*see generally, People v Gates*, 234 AD2d 941, *lv denied* 89 NY2d 1011; *People v Ander-*

*son*, 153 AD2d 893, 895-896, *lv denied* 74 NY2d 894). Moreover, defendant failed to establish that, when the declarant made the alleged incriminating statement, he was aware that the statement was contrary to his penal interest. The witness who heard that statement testified that she did not understand it to mean that the declarant killed the victim. Defendant therefore failed to establish that the declarant knew at the time he made the statement that it was against his penal interest (*see generally*, Prince, Richardson on Evidence § 8-411, at 622 [Farrell 11th ed]).

We further conclude that the court properly denied defendant's request to excuse three prospective jurors for cause (*see generally, People v Williams*, 63 NY2d 882, 884-885; *People v Harris*, 57 NY2d 335, 350-351, *cert denied* 460 US 1047; *People v Campo*, 156 AD2d 375, *lv denied* 75 NY2d 867). We have reviewed defendant's remaining contention and conclude that it is without merit. (Appeal from Judgment of Onondaga County Court, Dwyer, J.—Manslaughter, 1st Degree.) Present—Pine, J. P., Wisner, Hurlbutt, Kehoe and Lawton, JJ.